## BACON WAKEMAN'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1901.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

74 313
75 360
74 313
76 397

Section 2 of Chap. 175 of the Public Acts of 1893, allowing a taxpayer to appeal to the Superior Court from the decision of the county commissioners in granting liquor licenses, does not authorize such an appeal from the action of the county commissioners in approving the transfer of an unexpired license, nor is it sanctioned by subsequent statutes.

Argued November 15th—decided December 20th, 1901.

APPEAL from the decision of the county commissioners of Fairfield County in consenting to the transfer of a liquor license, taken to the Superior Court in Fairfield County and tried to the court, *Shumway, J.;* facts found and judgment rendered affirming the action of the county commissioners, and appeal by the remonstrant for alleged errors in the rulings of the court. *No error.*

Michael H. Bracken had been duly licensed to sell intoxicating liquors in the town of Fairfield, for the year ending October 31st, 1901.    Bracken died December 22d, 1900. About March 6th, 1901, the administratrix of Bracken transferred the license to one Lawrence F. Nealon, and on March 29th, 1901, the county commissioners for Fairfield county, after hearing duly had, found said Nealon to be a suitable person to have a license and consented to said transfer.

Bacon Wakeman, a resident taxpayer in said town, appealed from this action of the commissioners to the Superior Court, claiming a right to appeal under Chap. 175 of the Public Acts of 1893.   The Superior Court, after hearing had, rendered a judgment finding the appeal to be unauthorized, and also finding the action of the commissioners complained of to be legal, and dismissed the appeal.    The appeal to this court is taken by Wakeman from that judgment.

One reason of appeal assigned is, that the court erred in holding that no appeal would lie from the action of the county commissioners with reference to the transfer of license. Other errors are assigned in respect to the finding that the action of the commissioners was legal.

*E. P. Arvine*, for the appellant (Bacon Wakeman).

*Howard H. Knapp*, for the appellees (county commissioners).

*Edwin F. Hall*, for the appellee (the licensee).

HAMERSLEY, J.   The county commissioners are an administrative board, and the license law treated their action in respect to licenses to sell intoxicating liquors as final and conclusive.   *La Croix* v. *County Commissioners*, 50 Conn. 321.

"An Act regulating Appeals from Decisions of County Commissioners," passed in 1893, provided for an appeal to the Superior Court from the action of the commissioners in

the matters therein specified. Public Acts of 1893, p. 319. Such appeal is a process by which the Superior Court is enabled to determine the legality of certain specified actions of the county commissioners. *Malmo's Appeal*, 72 Conn. 1, 6. Section 1 of the Act allowed an appeal to an applicant for a license, from the decision of the county commissioners in refusing to grant him a license; and to a licensee, from a decision of the commissioners revoking his license. Section 2 allowed an appeal to a taxpayer, from the decision of the county commissioners in granting a license, or in refusing to revoke any license that had been granted.

At the time this Act was passed the commissioners had power to grant or refuse licenses. General Statutes, § 3053. They also had power to revoke licenses already granted. General Statutes, § 3058. The Act allows an appeal from the action of the commissioners in granting, refusing, or revoking, a license, in pursuance of the power vested in them by these sections.

The law permitted a licensee, or the legal representatives of a deceased licensee, to transfer to any suitable person, with the consent of the county commissioners, an unexpired license. General Statutes, § 3071. It also allowed the county commissioners, by indorsement on an existing license, to permit the licensee to remove his business from one building to another in the same town. General Statutes, § 3069.

The Act of 1893 does not, in terms, allow an appeal from the decisions of the county commissioners in approving the transfer of an unexpired license. The reasons which might justify an appeal in granting or refusing a license, do not apply with equal force to a mere consent to a transfer of an unexpired license, even if it could be held that such consent is not discretionary. The fact that in 1897 an Act was passed (Public Acts of 1897, p. 854) allowing an appeal from the decision of the commissioners in granting permission to a licensee to remove his business from one building to another, would seem to imply that prior to the passage of the last-named Act no appeal would lie from the action of the commissioners in consenting either to a change of the licensee or of the place of business, under an unexpired license.

The meaning, however, of the Act of 1893, must be determined by the court, and cannot be concluded by subsequent legislative construction. In so far as the Act of 1897 is an alteration of the Act of 1893, it must be confined to the specific alteration mentioned, *viz.*, allowing an appeal from the decision permitting a licensee to change his place of business. We think it clear that no statute, in terms, allows an appeal from the action of the commissioners in consenting to the transfer of a license.

The claim is made that such an appeal comes within the spirit of the license legislation; but from 1872 to 1893 both the letter and the spirit of the legislation forbade any appeal at all. The constant fluctuations in the license law render it a little difficult to affirm with certainty the true spirit of the law as to any particular change, and unsafe to give any great weight to unexpressed intentions, as requiring an extension of the language used.

In 1899, § 1 of the Act of 1893 was repealed by an Act allowing an appeal to an applicant for a license, from the refusal of the county commissioners to grant him a license. This Act does not affect the appeal allowed to a taxpayer by § 2 of the Act of 1893. It deals with the applicant for a license, and secures to every person, in license towns, possessing statutory qualifications, the legal right to a license. *Malmo's Appeal*, 73 Conn. 232. We think the statutes now in force do not authorize an appeal to the Superior Court from the action of the county commissioners in approving the transfer of an unexpired license. The Superior Court, therefore, correctly held that the appeal in this case was unauthorized; and for this reason its judgment dismissing the appeal was not erroneous.

The finding upon the question of jurisdiction, set forth in the judgment, supports the dismissal of the appeal. The statement in the judgment of additional findings, on the hypothesis of having jurisdiction, is immaterial, and not properly subject to review by this court.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.