## LUIGI D'AMATO'S APPEAL FROM COUNTY COM-MISSIONERS.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 2669, authorizing the county commissioners to permit the removal of a licensed dealer from one place to another in the same town, does not purport to empower the commissioners—and certainly does not require them—to hear and determine an application by an unlicensed person for a removal permit or transfer of an existing license from one place to another.

If such a request is to be treated, as it was by the trial court in the present case, as an ordinary application for a license to sell liquor at the place specified, it is subject to the provisions of General Statutes, § 2646, and accordingly must be dismissed if it appears that a previous application for a license for the same place was made during the same license year and denied upon the ground that the place was unsuitable.

The refusal to grant a liquor license, upon the ground that there were already saloons enough in that locality, is in fact and in law a determination that the place is "unsuitable" for the sale of liquors, within the meaning of § 2646, and therefore operates as a bar to a second application for the same place during the same license year.

This statutory prohibition is absolute, and was intended to deprive the commissioners of any discretion they might otherwise have to permit a second hearing, during the same license year, on account of a change in local conditions since the denial of the first application.

Submitted on briefs October 29th—decided December 17th, 1907.

APPEAL from a judgment of the Superior Court in New Haven County, *Robinson, J.,* confirming the action of the county commissioners in refusing the appellant's application for the transfer of a liquor license. *No error.*

On December 24th, 1906, the appellant, Luigi D'Amato, applied to the county commissioners for New Haven county for a license to sell liquors at 246 Wooster Street in the city of New Haven. The application was duly heard, and denied on the ground that the particular building specified as the place of sale was situated in a locality in which

there were already saloons enough. One of the saloons then in that locality existed under a license to one J. Danhauser, issued to him and authorizing him to sell at 254 Wooster Street. On the following 6th of February, D'Amato again applied to the commissioners as follows: " For a transfer of a license to sell, . . . from 254 Wooster Street to 246 Wooster Street, city of New Haven. My place of business is located within 175 feet in a direct line of a church edifice. Dated at New Haven, this 6th of February, A. D. 1907. Luigi D'Amato, Applicant." On March 8th, 1907, the commissioners dismissed this application, " on the ground that said application has no standing before the commissioners, they having refused to issue a license at the said number, 246 Wooster Street, December 24, 1906." D'Amato thereupon brought this appeal to the Superior Court and the court rendered judgment that the appeal be dismissed. Upon the trial before the Superior Court, D'Amato claimed that the denial of his application of December 24th, on the ground stated, was not in legal effect the refusal of a license on the ground that the place designated was deemed an unsuitable place for the sale of liquors, within the meaning of § 2646 of the General Statutes, and did not legally debar the commissioners from hearing and determining his subsequent application of February 6th.

The reasons of appeal in substance assign error in rendering judgment dismissing the appeal notwithstanding these claims of law.

*Edmund Zacher* and *Howard C. Webb*, for the appellant (D'Amato).

*David E. Fitzgerald* and *Walter J. Walsh*, for the appellees (County Commissioners).

HAMERSLEY, J. The only ground of the appellant D'Amato's appeal to the Superior Court is the claim that the county commissioners had, in violation of the statute,

refused to hear and determine his application; and the only relief he can ask is a judgment, serving the purpose of mandamus, compelling the commissioners to perform a legal duty.

If the record before us shows that D'Amato had no legal right to a hearing and determination of the application to the commissioners as made by him, the judgment of the Superior Court is correct. It appears upon the face of the application, in connection with the facts found, that D'Amato had not such legal right. The application upon its face purports to be brought under § 2669, which authorizes a removal permit to a licensee. It is not, however, brought by the licensee who wishes to remove from one building to another, but by a stranger who is not a licensee.

The statute does not purport to authorize, and certainly does not require, the commissioners to hear and determine such an application. Section 2669 was first enacted in 1874. By the original license Act of 1872, a license protected only the licensee named, and authorized a sale only in the building specified. An amendment in 1874 (Public Acts of 1874, Chap. 115, p. 259) modified this provision,— in § 6 by authorizing the commissioners to consent to a transfer of a license by the licensee named to another person who had fulfilled the conditions required of a licensee, and in § 7 by authorizing the commissioners to grant the licensee named in a license permission to remove his place of business from one building to another, which had been approved in the same manner as the building specified in the license. By subsequent legislation the commissioners are required to give a hearing and decision on each application for a license, and provisions for a public hearing are made. These provisions for a hearing apply to an application for a removal permit. The provisions applicable in an application for the substitution of another person for the original licensee are somewhat different. Public Acts of 1882, Chap. 107, pp. 180, 181; General Statutes, §§ 2669, 2671. While an application by a licensee for a transfer of

his license to another person, and an application by him for a removal of his place of business, may be heard at the same time, yet the two applications are distinct, and the special process of appeal, for obtaining the interposition of the court to limit the action of the commissioners within their legal power, applies to the one and does not apply to the other. *Wakeman's Appeal,* 74 Conn. 313, 316, 50 Atl. 733. Treating D'Amato's application, as it thus appears to be, the statute gives him no legal right to a hearing before the commissioners, and imposes upon them no legal duty to hear and decide such an application. That right and duty arise only when the licensee named in a license applies for permission to remove his place of business from one building to another.

It appears, however, from the record and memorandum of decision printed in the record, that the Superior Court—treating the application as one by D'Amato for a license to sell liquors on his premises, No. 246 Wooster Street, *provided* a saloon then carried on at No. 254 Wooster Street under a license to another person to sell at that place should be closed through a transfer of that license to D'Amato—assumed that the commissioners were legally bound to give D'Amato a hearing upon such application, unless they were debarred from so doing by the provisions of § 2646, and held that the provisions of that section did prevent the commissioners from granting D'Amato's application. We think the court did not err in this construction of § 2646, and that for this reason, also, the judgment of dismissal may be sustained.

D'Amato, not being a licensee, made this application within six weeks after an application by him to be licensed to sell liquors at 246 Wooster Street had been fully heard at a public hearing, and the application denied on the ground that the building specified as the place of sale was situated in a locality in which there were already saloons enough. In making his present application as treated by the court, D'Amato must be held to stand, in so far as the application of § 2646 is concerned, in the same position he

would stand if, after the denial of his former application, the license to another person to sell at No. 254 Wooster Street had been surrendered or revoked, and thereupon he had made a second application for a license to him to sell at No. 246 Wooster Street; otherwise he would have no legal standing as an applicant entitled to a hearing.

We are satisfied that § 2646 forbids the commissioners to grant such a second application. This section was enacted in 1893. Public Acts of 1893, Chap. 225, p. 370. Under the original license Act (1872) a license could only be issued to a "suitable person," but the place of selling had to be stated in the license, and its suitability considered; the recommendation of the selectmen, required by the statute, covering the suitability both of person and place. In 1882, when the present process of application and public hearing was substituted for the recommendation of the selectmen, the statute recognized the importance of the suitability of a licensee's place of business as bearing upon his being a suitable person to license, and provided in terms that the commissioners should license "suitable persons to sell . . . in suitable places." Public Acts of 1882, Chap. 107, p. 178, § 1. In 1893 the special process of appeal was authorized, for invoking the power of the court to set aside the action of the commissioners for certain illegal conduct in denying or granting a license. Public Acts of 1893, Chap. 175, p. 319. At the same session, and in view of this additional provision for securing the lawful conduct of the commissioners in the exercise of their administrative powers, the legislature saw fit to limit the discretionary power implied in former legislation, of giving or refusing to give a hearing upon a second application for a license during one license year, and passed the Act now incorporated unchanged in § 2646. Public Acts of 1893, Chap. 225, p. 370. When an application for a license has been denied because the applicant was deemed to be an unsuitable person, the Act forbids that person to make, during the license year, a second application to sell at any place; and when the application has been denied

because the place is deemed an unsuitable place, the Act forbids a second application by any person to sell at that place. A license granted upon any such second application is void. The Act classifies all special grounds for denial of a license under these two general grounds, and forbids more than one application during the same license year for a hearing as to the existence of either ground. It seems apparent that the situation of a building in a locality crowded with saloons may well supply a ground, and a sufficient ground, for deeming that building an unsuitable place, and the legislation of 1901, now incorporated in General Statutes, § 2645, which recognizes such situation of a building as a sufficient reason for the denial of a license, affirms and emphasizes a natural and proper consideration in determining the suitability of a place, and should not be construed as creating a new and distinct ground for the denial of a license which is not included under the general grounds of unsuitability of person and place. It follows that the commissioners in denying D'Amato's application of December 24th, on the ground that the place specified was situated in a locality in which there were saloons enough, did in fact and law deny the application because they deemed the place an unsuitable place within the meaning of § 2646.

It was urged in argument that the prohibition of § 2646 does not apply when the conditions affecting the suitability of person or place, which may have controlled the commissioners in the denial of a license, have changed before the expiration of the license year. This claim cannot be sustained. Such a construction of the statute would be contrary to the plain meaning of the language used, and would practically and necessarily defeat the evident purpose of its enactment, i. e., to take from the commissioners any discretion they might otherwise have to permit a second hearing during the same license year after having once lawfully denied the application for a license. The prohibition is absolute and arbitrary, and, like most of the provisions limiting the issue of a license for the conduct

of a business which our statutes stamp as dangerous and unlawful unless so licensed, is intended to be arbitrary. Reasons may be readily suggested for making the prohibition absolute; but the public policy which induced the law is settled by the legislature.

The claim was also urged that the prohibition of § 2646 should not be applied to a licensee who in good faith desires to remove his business from one building to another. As this appellant is not such a licensee, it is unnecessary to comment on such a claim.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.