## HENRY H. BORMANN'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

So far as the increase in the number of liquor saloons in a given locality is concerned, there is no difference between granting an original application and issuing a permit for an existing saloon to remove to that locality.

A renewal license is one which grants to the same person the same privilege to sell at the same place, as that granted the previous year. A removal permit, on the contrary, allows the licensee to sell at a different place, which may be much more unsuitable than his previous location; and therefore the Superior Court is not required to treat a removal permit as if it was a renewal license.

Evidence was introduced of an agreement between the applicant and some of the manufacturers in the vicinity, under which liquor was not to be sold to their employees during certain hours; and the trial court regarded this as evidence against, rather than in favor of, the suitability of the place. *Held* that no error of law was committed in taking that view.

The questions arising on an appeal from the action of the county commissioners in granting or refusing an application for a removal permit are merely whether the commissioners acted legally, or exceeded or abused the powers vested in them.

Argued November 12th—decided December 18th, 1908.

APPEAL by a citizen and taxpayer from the action of the county commissioners of Fairfield County in granting a removal permit to a liquor licensee, taken to and tried by the Superior Court in said county, *Ralph Wheeler, J.;* facts found and judgment rendered vacating and setting aside the action of the county commissioners, from which the licensee appealed. *No error.*

*Howard W. Taylor*, for the appellant (Frank T. Bartley, licensee).

*James E. Walsh* and *William H. Cable*, for the appellee (Henry H. Bormann, citizen and taxpayer).

HALL, J. On the 1st of November, 1907, the county commissioners of Fairfield county granted to Frank P. Bartley a license to sell spirituous and intoxicating liquors at No. 60, on the west side of River Street in Danbury, and on the 27th of January, 1908, granted him permission to remove his place of business to No. 59 on the east side of the same Street.

Upon an appeal from the allowance of said removal permit, taken by the appellant, Bormann, a taxpayer of said town, the Superior Court held that the granting by the county commissioners of said removal permit was not a reasonable exercise of their power and discretion, but was illegal, and set the same aside.

Section 2669 of the General Statutes provides that "every license for the sale of spirituous and intoxicating liquors shall specify the town and the particular building or place in such town in which such spirituous and intoxicating liquors are to be sold, and shall not authorize any sale in any other place or building. . . . The county commissioners may indorse upon said license permission to the person so licensed to remove from one building to another in said town, but the applicant for said permission shall specify the building to which he wishes to remove; and the commissioners shall not permit such removal or transfer except upon due notice and hearing as now provided by law for original applications, and the law concerning appeals from county commissioners shall apply to such cases."

The Superior Court found these facts: For some years prior to January 27th, 1908, said Bartley had conducted a licensed saloon business at No. 60 River Street, occupying the premises under lease from month to month. In October, 1907, one Cono Stavolo, with the knowledge of Bartley, purchased the premises from the latter's lessor, by deed

recorded November 7th, 1907, and Bartley—although he had in September applied for the license for the ensuing year, which was granted November 1st as aforesaid, and had, on or before November 1st, represented to one of the commissioners that he expected to continue to occupy No. 60—had, before November 1st, purchased the premises No. 59 River Street, intending to occupy them as a saloon as soon as the building thereon could be completed, and had promised to vacate the premises No. 60 on or before November 1st. Bartley did not vacate the premises No. 60 until about the 27th of January, 1908, when his removal permit, for which he applied in December, 1907, had been granted, and after proceedings in summary process had been brought against him by said Stavolo, when he removed to No. 59.

On the 19th of October, 1907, said Cono Stavolo applied for a license for No. 60 River Street (having already agreed with the owner for the purchase of said premises, although he had not then received a deed of them), which application was refused by the county commissioners on the 8th of February, 1908, Stavolo having received no notice of a remonstrance filed against the granting of said application.

Bartley is a suitable person to receive a license. "No. 59 River Street is an entirely unsuitable place at which to grant a license for the sale of intoxicating liquors." No. 60 is less unsuitable than No. 59, but more than one saloon in this locality would be too many.

The part of the city in which numbers 59 and 60 River Street are situated is "practically a manufacturing and residential section," and that side of River Street upon which No. 59 is situated is the main thoroughfare from a large residential district to the principal business street in the city, and is one over which a large number of school children pass. By consent of counsel the trial court viewed the locality.

There has heretofore been an arrangement, known to the

county commissioners, between Bartley and some of the manufacturers, that he would not sell to employees of said manufacturers during certain hours. The finding states that the court regarded this arrangement "as an admission against the suitability of the place rather than as making the place suitable."

Counsel for Bartley contends that because the finding states that more than one saloon in the locality of Nos. 59 and 60 would be too many, it follows that the trial court must have held, and held erroneously, that the granting of the removal permit was the granting of another license, which should have been refused under § 2645 of the General Statutes, providing that an application for a license may be denied when it appears that there already exists a sufficient number of licensed places in the vicinity.

An application for a removal permit under § 2669 might, in applying the provisions of § 2645, be treated as in effect an original application for a license, when the result of granting it would be to unduly increase the number of saloons in a particular locality. It was clearly not so regarded by the trial court in this case. The trial court confirmed the refusal of a license to Stavolo for No. 60. As there appear to have been no other licensed places in that neighborhood, the transfer of Bartley's license from No. 60 to No. 59 would have left but one saloon in that vicinity.

The applicant, Bartley, next argues that from the finding that this part of the town is "practically a manufacturing and residential section" (and he concedes that the words "practically" in the finding and "purely" in the statute should be given the same meaning), it is apparent that the trial court erroneously regarded the application for a removal permit "as an original application for a new license," and not for a renewal of a license within the exception of § 2647 as amended by chapter 200 of the Public Acts of 1907, p. 750, which provides that "no license, except the renewal of a license, at the discretion of the county com-

missioners as to the suitability of person and place . . . shall be granted in the purely residential or manufacturing parts of a town. . . ." A renewal of a license, within the meaning of § 2647 as amended in 1907, is a granting to the same person, the same privilege granted to him the previous year, to sell in the same place. The removal permit granted by the county commissioners not only allowed Bartley to sell in a manufacturing and residential section, but at a different location from that specified in his previous licenses, and one found to be entirely unsuitable, and more unsuitable than the one where he had previously been permitted to sell. The trial court was not required to treat the removal permit as a renewal within the exception of § 2647.

Counsel for Bartley further claim that the trial court erred in regarding the fact that there was an arrangement that Bartley would not sell to employees in the neighboring factories during certain hours, as evidence of unsuitability of place. Apparently the existence of such an arrangement was proved for showing that the place was suitable. We discover no error of law in the view taken by the trial court that it rather indicated the contrary.

Section 2669 expressly permits an appeal from the decision of the county commissioners upon an application for a removal permit, and the questions presented by such an appeal are: Have the county commissioners acted legally? Have they exceeded or abused their powers? *Moynihan's Appeal*, 75 Conn. 358, 361, 53 Atl. 903. The trial court committed no error of law in deciding these questions as above stated.

There is no error.

In this opinion the other judges concurred.