THE BRIDGEPORT MALLEABLE IRON COMPANY'S
APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and HOLCOMB, Js.

Chapter 267 of the Public Acts of 1909, amending General Statutes § 2660, provides that a taxpayer aggrieved by the action of the county commissioners in granting, or in refusing to revoke, a liquor license, "or in refusing to grant the transfer of any such license,"

may appeal to the Superior Court. *Held* that whatever might be the proper construction or interpretation of this Act, it did not revoke the right, which a taxpayer had by virtue of § 2669, to appeal from a decision of the county commissioners authorizing the removal of a licensed liquor business from one place to another.

While such an "appeal" does not carry up the entire cause for a retrial, but presents only judicial questions involving the legality of the commissioners' conduct, and operates, in effect, like a writ of *certiorari* or writ of error, that fact does not make the appeal a new and independent proceeding which requires an order of notice and service thereof on the appellee.

In the absence of a statute requiring it, notice of such an appeal need not be given to the licensee; since he, being a party to the proceeding before the commissioners, is chargeable with knowledge of all the steps taken therein.

Where it appears to the Superior Court that the appellee has no knowledge of the pendency of the appeal, it may properly order notice to be given to him. But it is not error to refuse an order of notice where the appellee is already in court contesting the appeal.

Argued October 29th—decided December 19th, 1912.

APPEAL by a taxpayer from a decision of the County Commissioners of Fairfield County authorizing a liquor licensee to remove his business from Main Street to Gregory Street in the city of Bridgeport, taken to the Superior Court in Fairfield County, where a demurrer to a plea in abatement filed by the licensee was overruled (*Case, J.*) and afterward the plea was sustained and the appeal dismissed (*Burpee, J.*), from which the taxpayer appealed. *Error and cause remanded.*

*Stiles Judson,* for the appellant (the remonstrating taxpayer).

*Robert E. DeForest,* for the appellee (the applicant for a transfer).

THAYER, J. It was suggested upon the argument, by counsel for the appellee, that no appeal is allowed by statute from a decision of the county commissioners

granting the transfer of a licensed business from one place to another; that this appeal was therefore wholly unwarranted in law; that the Superior Court had no jurisdiction of it, and should have dismissed it for that reason; and that as a consequence the appellant was not harmed by the court's dismissal of the appeal, even if its rulings which are complained of in the reasons of appeal were erroneous. It will be well to consider this claim at the outset, for, if the appellant had no right of appeal, the case should have been dismissed by the Superior Court for want of jurisdiction, whether the plea in abatement was sustainable or not, and the appellant was not harmed by the rulings of which complaint is made.

General Statutes, § 2658, provides for an appeal, by the applicant for a license, from the action of the county commissioners in refusing to grant a license or in revoking a license to sell intoxicating liquors. Section 2660 provides that a taxpayer "may appeal to the Superior Court from the decision of the county commissioners in granting a license to sell spirituous and intoxicating liquors, or in refusing to revoke any such license already granted." Section 2669, after providing that every license shall specify the town and the particular building or place in which liquors may be sold under the license, and that the county commissioners may, after due notice and hearing, indorse upon the license permission to the licensee to remove from one building to another, concludes with the provision that "the law concerning appeals from county commissioners shall apply to such cases." We have held that this provision allowed a taxpayer to appeal where a licensee was given permission to remove his business from one building to another. *Wakeman's Appeal*, 74 Conn. 313, 315, 50 Atl. 733; *Bormann's Appeal*, 81 Conn. 458, 462, 71 Atl. 502. The provision relating

to an appeal doubtless refers to the right of appeal given in §§ 2658 and 2660, and thus gives to the licensee, as well as the taxpayer, in cases where permission to remove has been granted or refused, an appeal, which until the passage of § 2669, in 1897, had not been allowed. *Wakeman's Appeal*, 74 Conn. 313, 315, 50 Atl. 733. Chapter 267 of the Public Acts of 1909, upon which the appellee bases his claim that no appeal is allowed to a taxpayer where permission of removal is granted to a licensee, amends § 2660 by adding, after the words "may appeal to the Superior Court from the decision of the county commissioners in granting a license, . . . or in refusing to revoke any such license already granted," the words "or in refusing to grant the transfer of any such license." It is claimed that under § 2660 as thus amended a taxpayer has a right to appeal from a *refusal* to grant a transfer, but that neither by this statute nor by any other has he now the right of appeal from an order *granting* a transfer. We are not called upon to now construe this statute, nor to inquire what the legislature intended by the amendment. The transfer of a license is an entirely different thing from permission to remove the licensed business from one building to another; the former permitting a person other than the one originally licensed to carry on the business at the place originally licensed, and the latter permitting the original licensee to carry on the business at a place other than that originally licensed. It is clear that the statute, chapter 267 of the Public Acts of 1909, gives the taxpayer no right to appeal from a decision of the county commissioners granting permission to remove a licensed liquor business from one place to another. But it is a strange result if this Act, by giving a taxpayer an appeal, which he would not desire, from a decision refusing the transfer of a license against which he had remonstrated (for the

statute requires that he must have remonstrated to entitle him to an appeal), takes from him the right, which he had under § 2669, to appeal from a decision granting the permission of a removal which he sought to prevent. There is in chapter 267 no express repeal of § 2669 or any portion of it. There is no inconsistency between the two statutes. They can therefore stand together. We think that § 2669 was not affected by chapter 267 of the Public Acts of 1909, that taxpayers retain the right of appeal given them by that section in cases where permission is given to remove the licensed business from one building to another, and that the appellant's appeal was properly allowed.

The rulings complained of in the assignments of error all relate to the question of notice. The appellee, McGuire, as appears by the record, held a license to sell spirituous and intoxicating liquors in the city of Bridgeport at No. 1311 Main Street. He applied to the county commissioners for permission to remove his business, under the license, to No. 447 Gregory Street. The appellant, and numerous other citizens and taxpayers, remonstrated against the granting of such permission, but it was granted. The appellant thereupon filed with the county commissioners a written notice that it appealed from such decision to the Superior Court for the county of Fairfield on the second return day therefor after the decision, and filed with them a bond to the county to pay all costs should the appeal not be sustained. The county commissioners accepted and approved the bond and allowed the appeal, but made no order of notice of the taking of the appeal to be given to the appellee. No notice of the appeal was in fact served upon him, but that he had notice of it is apparent from the fact that he appeared, specially, to plead in abatement the want of notice. The question is, was he entitled to a formal notice?

The appellant, in taking its appeal, complied in every respect with the statute relating to appeals in these cases, as provided in General Statutes, § 2660, as amended by the Public Acts of 1905, chapter 150, and Public Acts of 1909, chapter 267. There is nothing in the statutes requiring that any notice shall be given, or ordered to be given, to the appellee in such cases. In appeals from justice and other inferior courts to the Superior Court and Court of Common Pleas, and in appeals from the Superior Court and other trial courts to this court, no notice to the appellee is provided for. He is a party to the proceeding in the lower court, and must take notice of what takes place there relating to the proceeding. The notice of the appeal filed with the trial court, and the filing of the bond, is all that is required of the appellant, unless, in cases of appeal to this court, a finding is necessary to properly present the questions of law sought to be raised.

It is said that the county commissioners, when granting and revoking licenses and permitting transfers and removals, sit as an administrative board and not as a court. We have so held, and held that an appeal from their decision does not and cannot transfer to the Superior Court the jurisdiction of the county commissioners to hear purely administrative questions; and that the word "appeal" is thus a misnomer when applied to these appeals from the county commissioners, because the proceeding by appeal does not transfer the entire matter to the Superior Court for a rehearing, but takes there only judicial questions involving the legality of their conduct. *Moynihan's Appeal*, 75 Conn. 358, 360, 53 Atl. 903. In this respect these appeals are like those from the Superior Court and other trial courts to this court, which transfer only questions of law. In *Moynihan's Appeal* the question of the Superior Court's jurisdiction of the appeal was raised, it

being claimed that the statute allowing the appeal was void as permitting the transfer to that court for trial the purely administrative questions which it was the duty of the county commissioners to determine. The appeal in that case was taken in the same manner as the one now before us, by giving written notice of the appeal to the county commissioners, the giving of a bond, and the allowance of the appeal by the county commissioners. In that case the county commissioners made an order that notice of the appeal should be given to the appellees. But as there was no statutory requirement that such order should be made or notice given, it was without efficacy except so far as it may have resulted in actual notice being given to the appellees. Such notice the appellee had in the present case. The claim made in that appeal, as already mentioned, was not sustained, and we held that under the name of "appeal" the license law had provided appropriate process for controlling the unlawful conduct of the county commissioners. It is true that we also said that this "amorphous appeal" (as such appeals are called in *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 600, 37 Atl. 1080, 38 id. 708), as thus used, "has been construed as providing for an original application to the Superior Court to exercise its appropriate judicial power," etc. And, again, we spoke of one of these appeals as an application to the Superior Court under § 2660 of the General Statutes. This was in *Burns' Appeal*, 76 Conn. 395, 396, 56 Atl. 611, which was taken in the same manner as *Moynihan's Appeal*, 75 Conn. 358, 53 Atl. 903. This is the form which has been used during the twenty years since the statutes allowing these appeals have existed. In some of them notice to the appellee has been ordered by the county commissioners, and in others it has not been. The fact that these appeals, taken as the statute prescribes that they

shall be, have been construed by this court as original applications to the Superior Court is urged as supporting the claim that notice must be given to the appellee as in other cases of original applications to courts. The appellee contends that, being an "original application," it is distinct from the proceeding before the commissioners, and that as a matter of natural justice the appellee was entitled to notice of it. We think that the matter of notice is not affected by the construction which has been placed upon the process by appeal in these cases. We were there speaking of their effect— of the questions which were presented by them—as we might have said that they were in effect writs of *certiorari* or writs of error. There had been no direct application to the court in either of the cases referred to. Appeals, as the statute provided, had been taken in each, and we said that, in effect, they were like original applications calling into action the judicial power of the Superior Court in determining the legality of the commissioners' conduct. That is not saying that the appellant shall make a direct application to the Superior Court, nor that an appeal taken in the way fixed by statute shall be followed by an order of notice and service of the same upon the appellee.

The legislature had power to provide a process by which the illegal conduct of the county commissioners, in granting or refusing licenses and in permitting or refusing transfers or removals, might be corrected. It exercised that power in § 2660 of the General Statutes as amended, by providing the appeal thereby allowed. *Moynihan's Appeal*, 75 Conn. 358, 360, 53 Atl. 903. The appellee was a party to the proceeding before the county commissioners, is held to know the law, and is chargeable with knowledge of the appeal. He was not entitled to be served with a notice of the appeal.

Error is assigned upon the court's action in refusing

to order that notice be given to the appellee after the demurrers had been decided against the appellant and a motion for final judgment on the plea in abatement was pending. As the appellee had, to the knowledge of the court, actual notice of the pendency of the appeal, such notice was unnecessary. In a case where it is made to appear to the court that an appellee has no knowledge of the pendency of the appeal, it would be proper to order that notice be given to him. It was not error in the present case to refuse the order of notice requested. The demurrer to the plea in abatement should have been sustained.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.