MICHELE MARENNA'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

An application, by a person licensed to sell intoxicating liquors, for a removal permit under General Statutes, § 2669, is to be treated, in effect, as one for a new license at the place to which the business is to be removed.

A locality in which there are already too many liquor saloons is not a "suitable place," within the meaning of that expression in General

Statutes, § 2643, in which to grant additional licenses, whether to saloon keepers or to so-called wholesale liquor dealers; for the law makes no distinction, as respects the suitability of the locality, between places in which the liquor sold is, and those in which it is not, to be drunk on the premises, nor between the grant of an original license and the issue of a removal permit.

Argued June 6th—decided July 25th, 1913.

APPEAL from a decision of the county commissioners of New Haven County authorizing the transfer of a wholesale liquor license from one locality to another in the city of New Haven, taken by a remonstrating taxpayer to, and tried by, the Superior Court in New Haven County, *Williams, J.;* facts found and judgment rendered reversing the decision of the county commissioners, and appeal by Joseph Quint, the applicant for the transfer. *No error.*

*Howard C. Webb,* for Joseph Quint, the applicant for the transfer.

*David E. FitzGerald,* with whom was *Daniel J. Bailey,* for Marenna, the remonstrant.

THAYER, J. By § 2643 of the General Statutes, the county commissioners are authorized to license suitable persons to sell spirituous and intoxicating liquors at suitable places. The application for a removal permit by a licensed person under § 2669 of the statutes is to be treated as an application for a new license at the place to which the business is to be removed. *Bormann's Appeal,* 81 Conn. 458, 461, 71 Atl. 502. A locality where there already exists a sufficient number of licensed places is an unsuitable locality for the licensing of other places. *D'Amato's Appeal,* 80 Conn. 357, 362, 68 Atl. 445. It is found that, before granting the permission to remove asked for in the present case, the

county commissioners had found that sufficient licensed places existed in the locality to which the removal was to be made and had refused to license other places in that locality, and it was conceded upon the trial that too many licensed saloons existed there at the time that the permission to remove there was sought and given. The county commissioners, therefore, could not lawfully grant a new license to sell spirituous and intoxicating liquors in that locality.

The applicant's license was a special one, granted under that provision of § 2662 of the statutes which makes exceptions in favor of reputable wholesale dealers who do not sell liquors to be drunk on the premises, and reputable hotels in places of less than four thousand inhabitants, in respect to the amount of the license fee to be paid. The applicant claims that such licenses may be granted to sell in a locality where there are already sufficient licensed places, and consequently that he might properly be permitted to remove his licensed business to such a place.

The applicant, as it is found, has complied with the laws of the United States with respect to the payment of special taxes authorizing the sale of intoxicating liquors at both wholesale and retail, and contemplates selling such liquors at the Oak Street place in quantities from one gill upward, but not to be drunk upon the premises. The county commissioners, in granting the removal permit, were controlled by their belief that, because the liquors to be sold by the applicant were not to be drunk upon the premises, the giving of permission to remove his place to the new locality was not inconsistent with their judgment that sufficient licensed places existed there. This assumes either that a special license of this kind may be granted to sell in unsuitable places, or that a place situated in a locality where there are already sufficient licensed places is not

an unsuitable place for such a license. The first assumption is clearly untenable. The business permitted under such a license is retail as well as wholesale. It will not be claimed that such a business could be permitted adjoining a schoolhouse or church, or at the door of a manufactory, or in a residential neighborhood; and no good reason is apparent why the fact that the liquors sold under this special license are not to be drunk upon the premises should render eligible for such a license a locality which is ineligible for a general license.

It is not contemplated that liquors sold at wholesale will be drunk on the premises; but a wholesaler may, and frequently does, sell at retail, and his license contemplates that he will do such a retail business. This is apparent from the fact that one of the conditions of the so-called wholesaler's license is that the licensee shall not sell liquors to be drunk on the premises—a meaningless provision unless sales at retail were contemplated. The presumption is that liquors purchased in quantities as small as a gill at such a place are purchased for immediate consumption in the immediate neighborhood. The fact that the liquors sold under such a license are not to be drunk upon the premises where purchased, may remove from the place some of the objectionable features of the ordinary liquor saloon. It was doubtless for this reason that permission was given to grant such licenses to "respectable wholesale dealers" at a reduced license fee. All wholesale dealers may, under their general license, sell at retail liquors to be drunk upon their premises or elsewhere. The provision of the statute that licenses should only be granted to suitable persons to sell in suitable places has always applied to them. The law prescribes no different form of license, and no different license fee, for them than for the ordinary retail dealer. They could thus sell at retail the same as any other dealer under the general license.

Section 2662, permitting the grant of the special licenses, does not expressly provide that the licensees under them may be permitted to sell in localities where, prior to the statute, they could not, and where now other wholesale, dealers and retail dealers may not be. permitted to sell. It allows a reduced license fee in consideration of the fact that liquors sold upon the licensed premises are not to be drunk there. This is all that it does provide for. We think that the county commissioners had no authority to grant the removal of a business thus licensed in one place to another where, in their opinion, sufficient licensed places already existed, and that the court's finding to this effect was correct.

There is no error.

In this opinion the other judges concurred.