## MARY PENYAK ET AL. v. LIQUOR CONTROL COMMISSION

COURT OF COMMON PLEAS     FAIRFIELD COUNTY     FILE NO. 51374

Memorandum filed November 17, 1949.

*Brennan & Gaffney*, of Stamford, for the Plaintiffs.

*William L. Hadden*, Attorney General, and *Pasquale Vioni*, Assistant Attorney General, for the Defendant.

PICKETT, J. After hearing held July 18, 1949, the commission on July 21, 1949, denied the application of the appellants for permission to move their permit all-liquor package store business from 1 Shelter Rock Road to 34 South Street, in Danbury. The reason given is: "Unsuitability of Place, because the removal is prohibited by the Zoning Ordinance of the City of Danbury". From this decision appeal is taken, and also there is

a second count seeking an injunction restraining the commission from issuing a permit to Aurelia M. Godlewski to conduct an all-liquor package store at 1 Shelter Rock Road.

Facts of record before the commission were in substance as follows: Appellants, Mary Penyak as permittee and her husband as "backer", held an all-liquor package store permit issued August 8, 1948, for a package store located at 1 Shelter Rock Road, Danbury. The premises are owned by Andrew Godlewski and consist of a two and one-half story building, with two ground floor stores, one of which was occupied by the Penyaks under a written lease which expired June 1, 1949. Prior to June 1, 1949, Joseph V. Godlewski and his wife, Aurelia, decided to take over the two stores, she to conduct a package store at No. 1, he to be backer, and he also to conduct a market and grocery business in the adjoining store, in the same premises. A renewal of the Penyaks' lease was therefore refused. The Penyaks thereupon arranged for premises 200 feet distant in property owned by Stanley Penyak and applied under the statute for a removal permit. The Godlewskis filed application for an all-liquor package store permit at 1 Shelter Rock Road, the previous Penyak location, and also instituted summary process action to evict the Penyaks and obtained judgment.

The commission heard both applications at the same hearing and denied the Penyak removal application for the reasons stated above. The record does not show what disposition was made of the Godlewski application, but the court assumes that no action has been taken in view of the fact that Judge Johnson of this court issued a rule to show cause why a temporary restraining order should not issue, restraining the commission from issuing a permit to the Godlewskis until the instant action could be heard. The file does not disclose any action on the application for temporary injunction.

The record before the commission indicates certain pertinent facts: 1. Both 1 Shelter Rock Road and 34 South Street are in a business zone under the Danbury zoning ordinance, and liquor outlets are a permissible use in a business zone. 2. Both the Penyaks and the Godlewskis are "suitable persons". 3. Both premises are "suitable premises". 4. The City of Danbury provides in its zoning ordinance (§ IV A and subsections [a], [b] and [c]) that no new permit place of any category shall be within 1000 feet of another in a business zone or within 200 feet of a school, church or charitable institution.

The record shows that neither 1 Shelter Rock Road nor 34 South Street is within 1000 feet of other liquor outlets or 200 feet of a school, church, etc. There was therefore no legal reason why the commission could not grant the removal permit within its reasonable discretion. (See General Statutes, § 4269, and Sup. 1947, § 733i).

The argument adduced before the commission and apparently accepted by it was to the effect that until the use of 1 Shelter Rock Road had been discontinued for a period of thirty days no new application within the 1000-foot area could be granted. This claim was predicated on a portion of the zoning ordinance which refers to the 1000 and 200 foot rules and reads in part as follows: "The provisions of the foregoing sections shall not be deemed to be retroactive, except where an existing tavern, grille, hotel or package store use has been discontinued for a period of thirty (30) days, such use shall not be resumed except in conformity with said provisions".

The plain implication of this provision is that a nonconforming use discontinued for thirty days cannot be resumed if it violates the 1000 or 200 foot rule. On the record it does not apply to this case.

To hold, as the commission evidently did, that though the permittee was evicted the place retained its character as a permit place for thirty days, during which period no removal permit could issue, defeats the very intention of the removal statute cited above. In *Marenna's Appeal*, 87 Conn. 350, 351, it is held: "The application for a removal permit by a licensed person under § 2669 of the statutes [Rev. 1902] is to be treated as an application for a new license at the place to which the business is to be removed." The statute referred to is in substantially the words of General Statutes, § 4269, and Sup. 1947, § 733i, and the principle applies to the instant case. The implication is that, where permission to remove is sought, the commission may and should consider suitability of place and cannot allow removal which violates local zoning. § 4262. The removal in this case would not have violated the zoning ordinance.

Section 4236 of the General Statutes and its predecessor section provides in part: "Nature of Permit. A permit shall be a purely personal privilege, good for one year after issuance and revocable in the discretion of the commission . . . and shall not constitute property, nor shall it be subject to attachment

and execution, nor shall it be alienable . . ." Since the permit is "a purely personal privilege," and only to be used by the permittee at the premises for which he has applied, the claim that the place retains its character as a permit place for thirty days after the permit holder has been ejected by summary process or lease termination seems untenable.

It is of course true that the commission could not grant both applications without violating the statute and the ordinance. When there are two pending applications, both by "suitable persons" for "suitable premises," and only one can be granted, the commission may properly consider the relative equities as between the several applicants and in the exercise of sound discretion approve the application of that one found to have the more equitable claim. In the case at bar the effect of the commission's action is to destroy the going business of one who, the record indicates, has a substantial investment and presumably an established patronage.

It is well settled that the court is not a licensing body and cannot substitute its own discretion for that of the commission. Were the court to sustain the appeal and restrain the commission 'from granting Godlewski's application, it would in effect be exercising a function of the commission.

Section 4277 provides that the court, on appeal, "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." Since the court is of the opinion that the commission mistook the law and acted under a misapprehension as to the scope and application of the zoning ordinance, its decision is hereby "modified and revised" to this extent: that its stated reasons are found in error; that the whole matter is remanded to the commission with direction that the equities between the applicants be considered, and action taken accordingly. See definition of "modify". *Appeal of Central Ry. & Electric Co.,* 67 Conn. 197, 210.

The injunction is denied.

Note by the Court:

The attention of counsel is called to File No. 49960, *McKelvey v. Figmic,* pending in this court. An anomalous situation is presented in that case which has resulted in two permits granted by the liquor control commission, one by its original action, the other by a finding by this court (DEVLIN, J.) that

the reasons given by the commission in refusing Figmic's application were "insufficient," with the result that two permits were issued, one or the other in violation of the Bridgeport 1500-foot-radius ordinance, with a consequent application by the building inspector to restrain Figmic from operating under a permit issued and renewed by the commission. Such a result is unfortunate.

The facts in the Figmic case are analagous to the instant case.

The court desires to avoid such a contretemps.