GRAVER TANK & MFG. CO., INC. *v.* MAHER.

[No. 19,022. Filed May 12, 1958.]

*Frederick F. Eichhorn* and *Gavit & Eichhorn,* of Gary, for appellant.

*Max Cohen,* of Gary, for appellee.

ON PETITION TO TRANSFER

PER CURIAM.—This case came to the Appellate Court on petition for review of a decision of the Industrial Board, and four judges of that Court failing to agree, judgment was entered affirming the award.[1] It reaches us on appellant's petition to transfer.

Since the issues raised by the assignment of error have never been decided by any Court, does this Court have jurisdiction of the case?

Appellant, in its petition to transfer, treats the case as though a decision had been rendered by the Appellate Court. However, since four judges of that Court failed to agree, there was no decision on the questions presented.

1. For Appellate Court Opinion see: *Graver Tank & Mfg. Co., Inc.* v. *Maher* (1958), 147 N. E. 2d 598.

The "appeal" provided by Acts 1929, ch. 172, §61, p. 536, being §40-1512, Burns' 1952 Replacement, is not an appeal in fact but is a judicial review of the decision of the Industrial Board by the Appellate Court, which is the Court of exclusive original jurisdiction in such cases. *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 12-14, 101 N. E. 2d 60, and cases there cited; *Russell* v. *Johnson* (1943), 220 Ind. 649, 656-657, 46 N. E. 2d 219.

In considering the effect of Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement, which provides for the transfer of cases from the Appellate Court to this Court for causes therein specified, this Court, in *State ex rel.* v. *Deupree* (1907), 169 Ind. 279, 280, 82 N. E. 452, said:

> "The language quoted shows, beyond a peradventure, that it was the legislative contemplation that this court should not assume jurisdiction over any cause which had not originated in a trial court, . . ."

Insofar as this language might be construed to prohibit the transfer of cases from the Appellate Court which it had decided on review from the Industrial Board, it was overruled by *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, and we reaffirm the rule as stated in that case.

In *Hunter* v. *Cleveland, etc. R. Co.* (1930), 202 Ind. 328, 174 N. E. 287, which was an appeal from a judgment for plaintiff in the Marion Circuit Court, the Appellate Court affirmed the judgment *Per Curiam* without an opinion and overruled a petition for rehearing, as it did in the case at bar. Appellant there filed a petition to transfer to this Court to which appellee filed a motion to dismiss. In considering the question,

"Does a party to an appeal in the Appellate Court have a right guaranteed by the Constitution or provided by statute to have a written opinion or statement in writing of the material questions arising in the record thereof?" this Court, at pages 334, 335 of 202 Ind., said:

"It follows from what has been stated that the parties are entitled to a decision and judgment herein by the Appellate Court in the manner directed by §5, Art. 7, Constitution 1851, §172 Burns 1926 and §1351 Burns 1926, that no such judgment has been rendered and that the cause is still pending in the Appellate Court for a proper decision.

"The appellees' motion to dismiss appellant's petition to transfer, being founded on the incorrect premise that a valid decision and judgment was rendered by the Appellate Court, is insufficient and is overruled.

"A petition to transfer being authorized only after a valid decision and judgment has been rendered, and a petition for rehearing of the same has been overruled, the appellant's petition is dismissed."

The case at bar is clearly distinguishable from the Hunter Case in that here, four judges failing to agree, there was no decision by the Appellate Court. Under these circumstances no ruling precedents of this Court were contravened nor was any new question of law decided erroneously. Nothing was, in fact, decided except that four judges failed to agree in a case of original judicial review in the Appellate Court. Under these circumstances, this case has never been decided by any Court, and this Court does not have jurisdiction in such matters. It then follows that it cannot be transferred to this Court under the provisions of Acts 1901, ch. 247, §15, p. 565, being §4-209, Burns' 1946 Replacement. *Burroughs Adding*

*Machine Company* v. *Dehn* (1942), 219 Ind. 350, 38 N. E. 2d .569. Neither does it fall within the provisions of Acts 1891, ch. 37, §21, p. 39, being .§4-223, Burns' 1946 Replacement, nor is it an original action of which this Court has jurisdiction under Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1946 Replacement (Cum. Supp.).

Section 4-209, *supra,* provides, *inter alia,* that, "The rules of court, pleadings, practice, and proceedings in cases assigned or transferred to said divisions [of the Appellate Court], shall be the same as provided by or for the Supreme Court."

The action here is clearly a "proceeding" in a case assigned to the Appellate Court. Section 40-1512, *supra.*

A method of procedure in cases where a majority of the judges of this Court participating fail to agree is provided by Acts 1881 (Spec. Sess.), ch. 38, §654, p. 240, being §2-3232, Burns' 1946 Replacement. Since the case at bar is one assigned by statute to the Appellate Court and is one not transferable to this Court, it has reached the same impasse as a case on appeal here where a majority of the judges participating do not agree. In such a case there is no decision by this Court and the same is true of the case at bar in the Appellate Court. There was no decision there. Hence, it seems to us that in a situation such as that which here exists, the same rule that is provided for this Court by §2-3232, *supra,* where a majority of the judges participating in an appeal fail to agree, would also apply to the Appellate Court where four judges fail to agree in a case involving a review of an award of the Industrial Board in which such Court is the Court of exclusive jurisdiction.

WHEREFORE, the petition to transfer is dismissed and the case remanded to the Appellate Court with instructions to continue it to the next term of that Court; and if then a majority of the judges cannot agree, judgment will be affirmed under the procedure provided in §2-3232, *supra*.

NOTE.—Reported in 150 N. E. 2d 254.