SIZEMORE ET AL. *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 29,924. Filed May 10, 1960.]

514

*George L. Diven,* Public Counselor, for appellants.

*Roger D. Branigin,* of Lafayette, *Claude M. Warren,* of Indianapolis, *William R. Hunter,* of Winchester, *Alan W. Boyd, Jerry P. Belknap* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for appellees, General Telephone Company of Indiana, Inc., United Telephone Company of Indiana, Inc., and Eastern Indiana Telephone Company.

*M. Elliot Belshaw* and *Bomberger, Wilson, Crites & Belshaw,* of counsel, of Hammond, for appellee, Illinois Bell Telephone Company.

BOBBITT, J.—This case came to the Appellate Court on appeal from an order of the Public Service Commission of Indiana as provided by Acts 1957, ch. 189, §1, p. 395, being §54-443, Burns' 1959 Cum. Supp.

After due consideration by the Appellate Court sitting in banc, four judges of that court being of the opinion

that the order of the Public Service Commission from which the appeal was prosecuted should be affirmed, and the other four judges being of the opinion such order should be reversed and the cause remanded, and a majority of the court failing to agree, the case was ordered transferred to this court under the provisions of Acts 1901, ch. 247, §15, p. 565, being §4-209, Burns' 1946 Replacement.

As is true in an appeal from an order of the Industrial Board the "appeal" provided by §54-443, *supra*, is not an appeal in fact but is rather a judicial review of the decision or the order of the Public Service Commission by the Appellate Court, which is the court of exclusive original jurisdiction in such cases. *Graver Tank & Mfg. Co., Inc.* v. *Maher* (1958), 238 Ind. 226, 229, 150 N. E. 2d 254.

There has been no decision of the Appellate Court herein, hence the issues raised by the assignment of errors have never been decided by any court. Under such circumstances this court does not have jurisdiction thereof, and this case cannot be transferred here under the provisions of §4-209, *supra*. *Graver Tank & Mfg. Co., Inc.* v. *Maher, supra*. *Burroughs Adding Machine Company* v. *Dehn* (1942), 219 Ind. 350, 38 N. E. 2d 569.

Section 54-443, *supra*, provides for an "appeal" to the Appellate Court for errors of law from any final decision, ruling or order of the Public Service Commission of Indiana, and further provides that "the losing party or parties in the Appellate Court" may apply to the Supreme Court for a petition to transfer the cause to this court as in other cases. However, in this case there is, as yet, no losing party or parties, therefore, the transfer here does not come within the provisions of §54-443, *supra*.

··For the above reasons this case is remanded to the Appellate Court with instructions to continue it to the next term of that court, and if then a majority of the judges cannot agree, judgment will be affirmed under the procedure and in the manner provided in Acts 1881 (Spec. Sess.), ch. 38, §654, p. 240, being §2-3232, Burns' 1946 Replacement. *Graver Tank & Mfg. Co. Inc.* v. *Maher, supra,* (1958), 238 Ind. 226, 230, 150 N. E. 2d 254.

.Arterburn, C. J., Jackson, Landis and Achor, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 343.