AMERICAN VITRIFIED PRODUCTS CO. ET AL. *v.* PUBLIC
SERVICE COMMISSION OF INDIANA ET AL.

[No. 19,262. Filed December 22, 1960.]

*Henry C. Ryder* and *Buschmann, Krieg, Devault & Alexander,* of counsel, both of Indianapolis, for appellants.

*Walter N. Haney,* City Attorney, of Crawfordsville, and *Lafuze, Ging & Graber,* of Indianapolis, for appellees.

AX, C. J.—This is an appeal from an order of the Public Service Commission of Indiana. The City of Crawfordsville, in Montgomery County, Indiana, owned and operated an electric light and power utility. On November 12, 1957, it filed its petition with the Com-

mission asking for permission to revise its schedule of rates and charges. This was based upon an ordinance previously passed by the common council which adopted a new and higher schedule of rates.

On January 24, 1958, a petition to intervene was filed by appellants, who were eight industrial customers and users of the utility. They alleged that the proposed rates and charges were unjust and unreasonable; that they were discriminatory against them as commercial power users under the proposed primary power rate; that the proposed schedule contained vague, ambiguous and inequitable provisions. After holding public hearings, the Commission entered an order on May 2, 1958, approving the City's proposed schedule of rates and charges, finding that they were non-discriminatory, reasonable and just within the meaning of the applicable statute. Section 54-609, Burns' 1951 Repl. Appellants filed a petition for rehearing, later revised to be a petition for rehearing of oral argument before the Full Commission. This was subsequently held before a majority of the Commission. In the meantime, the order increasing the rates was continued in effect by the Commission. On September 25, 1958, the Commission approved the order of May 2, 1958, decreeing that it should remain in full force and effect.

Appellants have appealed from the order of May 2, 1958, to this court. Following the filing of the transcript, appellee, The City of Crawfordsville, Indiana, filed its motion to dismiss the appeal, stating as its grounds that the order of May 2, 1958, was an interlocutory order of the Commission, and that there is no provision in the statutes pertaining to the Public Service Commission for an appeal to the Appellate Court from such an order. The act of 1957, chapter 189, section 1, Acts of the Indiana General Assembly,

provides for an appeal to the Appellate Court from a "final decision, ruling, or order" of this Commission. Appellee argued that this court had only jurisdiction to dismiss the appeal. Appellants argued that a so-called "appeal" from an order of the Public Service Commission differs from the appeal of a final judgment in a civil or criminal case, in that this was an order of a public administrative body which is subject to judicial review, even though the Legislature has not provided a means for such review. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, is cited as authority. They further argued that in accordanec with decisions from other states, this order was in reality a final order for purposes of judicial review, and, finally, they rely on Supreme Court Rule 2-3 as giving this court power to review the order.

The motion to dismiss was overruled in May, 1959. Subsequently briefs were filed on the merits.

The case has come up before the full court sitting in banc because of its importance. Once again the question of jurisdiction has arisen, and the court is evenly divided on the matter. Four Judges are of the opinion that the appeal should be dismissed for lack of jurisdiction in view of the fact that the order of May 2, 1958, in substance and on its face is an interlocutory decree. The Commission ordered the rates to be placed in effect for an experimental period of one year, after which the utility was to report back to the Commission the results of the increased rates. The Commission then said it would enter a final order in the matter. The 1957 law giving the right of review to the Appellate Court definitely limits review to final orders. It is the opinion of these four Judges that the Legislature had the power to so limit the jurisdiction of this court, and that, having done so in positive terms, this court has

no jurisdiction to entertain this appeal without enabling acts pertaining to interlocutory orders.

The other four Judges are of the opinion that when rates are increased in this manner the fundamental rights of appellants have been effected; that without the opportunity of having such an order immediately reviewed by a court, their property rights have been taken away from them without due process in violation of the Fourteenth Amendment to the Constitution of the United States, and "due course of law" under Section 12, Article 1, Constitution of the State of Indiana. This they claim would be the effect if this court denied the appeal because of lack of jurisdiction. They cite *Warren* v. *Indiana Telephone Co., supra,* as authority, wherein the Supreme Court stated (at pages 114, 115 of 217 Ind., at page 407 of 26 N. E. 2d) :

> "Where a self-executing constitutional right is violated, no statutory remedy is necessary for its protection. Under such circumstances it would become the duty of this court to supply the procedure.
> . . .
> It follows from what has been said that this appellant may not be denied his right to present his case to this court for review because the Legislature has not provided a means for bringing it here."

It is their belief that if the Legislature intended to limit appeal or review of decisions of the Commission to final decisions only, the act of 1957 is unconstitutional as being in violation of the Fourteenth Amendment to the Constitution of the United States, it being quite conceivable that in a utility rate case the Commission could successively grant one temporary or experimental order after another which could never be reviewed by this court.

The opposing four judges contest this view by the

contention that there are several remedies available to enjoin the commission from such repetitious action.

Therefore, this cause is hereby ordered to be transferred to the Supreme Court because there is presented herein the question of rights guaranteed by the Federal Constitution and this appeal or review cannot be disposed of without determining such constitutional question. Section 4-214, Burns' 1946 Repl.; *Spahr* v. *P. & H. Supply Company* (1945), 223 Ind. 591, 63 N. E. 2d 425.

NOTE.—Reported in 170 N. E. 2d 823.