AMERICAN VITRIFIED PRODUCTS CO., ET AL. *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 19,262. Filed February 3, 1961.]

*Henry C. Ryder, Buschmann, Krieg, Devault & Alexander,* of Indianapolis, for appellants.

*Walter N. Haney,* City Attorney, of Crawfordsville, and *LaFuze, Ging, & Graber,* of Indianapolis, for appellees.

## ON TRANSFER FROM APPELLATE COURT

ACHOR, J.—This is an action wherein the appellants petitioned the Appellate Court for review of an order of the Public Service Commission of Indiana pursuant to §54-443, Burns' 1951 Repl. [1959 Supp.]. The cause has come to this court by order of the Chief Justice of the Appellate Court under the purported authority of §4-214, Burns' 1946 Repl., on the ground that a majority of the judges of the Appellate Court are unable to concur as to whether the case can be decided upon grounds other than that which involves a constitutional question.[1] (The order of the Appellate Court is reported in 170 N. E. 2d 823.)

However, this court has heretofore held that provision of §4-214, relied upon in the order of Appellate Court, has no application to proceedings in which that court is vested with exclusive original jurisdiction and such proceedings are therefore, in fact, a judicial review and not an appeal. Upon this subject this court has specifically stated:

> "The provision of the statute which requires that appeals, in which the constitutionality of a statute is presented, shall be taken directly to the Supreme Court has no application to cases which go to the Appellate Court as a court of original

---

1. "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.:

"First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution." §4-214, Burns' 1946 Repl. [Acts 1925, ch. 201, §1, p. 487.]

jurisdiction. . . ." *State ex rel. Standard Oil Co. v. Review Bd.* (1951), 230 Ind. 1, 13, 101 N. E. 2d 60.

Furthermore, this court has specifically held that the "appeal" provide for in §54-443, *supra,* from an order of the Public Service Commission to the Appellate Court is, in fact, not an appeal, but a judicial review by the Appellate Court, which is the court of exclusive original jurisdiction in such cases. *Sizemore* v. *Public Service Commission of Indiana* (1960), 167 N. E. 2d 343; *Graver Tank & Mfg. Co., Inc.* v. *Maher* (1958), 238 Ind. 226, 150 N. E. 2d 254.

Therefore, §4-214, *supra,* provides no authority for transfer of the cause to this court. The procedure which must be followed by the Appellate Court in this and similar cases, and the reasons therefor are clearly stated in the Sizemore case, *supra.*

This case is therefore remanded to the Appellate Court.

Bobbitt, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 60.