CITY OF FORT WAYNE, ET AL. *v.* MAPLEWOOD
PARK UTILITIES, INC.

[No. 20324. Filed November 13, 1968. Transfer denied March 12, 1969.]

*James Robert Arnold, Robert E. Meyers,* of Fort Wayne, and *Arthur H. Gemmer,* of Indianapolis, for appellants.

*Baker and Daniels,* of Indianapolis, for intervening appellants and amicus curiae.

*Robert L. Miller,* of South Bend, for appellee.

PER CURIAM.—This is a proceeding seeking judicial review of a final order of the Public Service Commission of Indiana, challenging, as unconstitutional, the Combined Sew-

age Disposal and Water Act of 1963, Acts 1963, Chapter 190 (Burns' Ind. Stat. Anno. §§ 55-4601-55-4615), under which the order was issued.

In the administrative proceedings below, appellee, Maplewood Park Utilities, Inc., applied to the Public Service Commission for a Certificate of Territorial Authority to render combined sewer and water service in an area outside the city limits of Fort Wayne. The City of Fort Wayne and its Board of Public Works, which operates the municipal sewer and water utilities, intervened below and opposed the application.

The Public Service Commission, in its order, found for appellee, Maplewood, and awarded it a certificate to render combined sewer and water service to the subject territory exclusively.

Appellants, Elmer H. Albersmeyer and Spears-Dehner, Inc., were allowed to intervene as appellants because of their interest as land owners in the subject territory. The Indiana Municipal League has been permitted to file a brief as amicus curiae, also challenging the constitutionality of the Combined Act.

This appeal is brought to this court under the provisions of Burns' Ind. Stat. §54-443, which provides for a direct appeal by way of "judicial review" from the Public Service Commission, notwithstanding the fact that a constitutional question has been raised. By the provisions of this Act this court has exclusive jurisdiction. *Indianapolis Transit System, Inc. v. Public Service Comm.* (1964), 245 Ind. 314, 198 N. E. 2d 380; *American Vitrified Products Co. v. Public Service Comm.* (1961), 241 Ind. 307, 172 N. E. 2d 60.

Appellant submits numerous specifications of error for our consideration. However, as we find that the Combined Act is violative of Article 1, § 23 of the Indiana Constitution, we need not consider any other specifications.

Article 1, § 23, provides that:

"The general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

The rules regarding legislative classification have been stated by the Indiana Supreme Court numerous times. Our task is to apply these established rules to the provisions of the challenged Act.

The controlling considerations were well stated in *Heckler v. Conter* (1933), 206 Ind. 376, 381, 187 N. E. 878, when the court said,

". . . the classification must not be capricious or arbitrary, but must be just and reasonable, based upon substantial distinctions germane to the subject matter and the object to be obtained. The distinctions must involve something more than mere characteristics which will serve to divide or identify the class. There must be inherent differences in situation related to the subject matter of the legislation which require, necessitate or make expedient different or exclusive legislation with respect to the members of the class. The classification must embrace all who possess the attributes or characteristics which are the basis for the classification, and their difference from those excluded must be substantial and related to the purpose of the legislation."

The Combined Sewage Disposal and Water Act of 1963 does not meet the standards set forth above. The Act grants privileges and immunities to *private utilities* rendering combined sewage disposal and water services, which it does not grant to *municipal utilities* or public water companies or public sewage disposal companies:

1) Section 1 of the Act defines the word "person" as follows:

"(e) 'Person means any natural person, firm, association, corporation or partnership, *but does not include a municipality or any other governmental body, agency or*

*subdivision*". (Emphasis supplied). Ch. 190, Sec. 1, Acts 1963; Sec. 55-4601 Burns' Ind. Stat. (1968 Pocket Supp.)

2) Section 3 of said Act only allows a "person proposing to commence the rendering of such combined sewage disposal and water service in any rural area" to file an application with the Commission, and after hearing to receive an *exclusive* certificate; there is no such provision for a municipal utility rendering combined services, nor for a water company rendering water services, nor for a sewage company rendering sewage disposal service.

3) Section 8 of said Act allows a combined utility to put into its rate base those things of value which it receives in the form of "contributions-in-aid of construction", and to charge rates based thereon; no other public utility regulated by the Public Service Commission is given such privileges (or immunities).

4) Section 9 of said Act allows a combined utility the right to refuse to extend service unless the resident first advances the entire estimated cost of that service.

In addition, there are other privileges bestowed upon the combined utility in the Act which need not be set forth herein.

The purpose of the Act is purportedly to encourage sewage disposal service and water service in rural areas. However, these two services cannot be "combined" in any way. They are mutually exclusive, separate and distinct, and we think that the title of the Act is constructively and substantially misleading in this particular. The whole basis of the Act has no reasonable relation to the end of providing residents in rural areas with water service and sewage disposal service, and thus, cannot be justified as a legitimate exercise of the police power.

In *McErlain, Tr. v. Taylor* (1934), 207 Ind. 240, 243-244, 192 N. E. 260, the court said:

". . . if there are other general classes situate in all respects like the class benefited by the statute, with the same inherent needs and qualities which indicate the necessity or expediency of protection for the favored class, and legislation discriminates against, casts a burden upon, or withholds the same protection from the other class or classes in like situations, it cannot stand."

Such is the situation in this case, as the classification to provide utility services to rural residents does not include all of those who could reasonably render such services.

We are ever mindful that generally classification for legislative purposes is for the legislature. However, "it becomes a judicial question when it clearly appears that the classification is not based on substantial distinctions with reference to the subject matter, or is manifestly unjust or unreasonable." *Evansville, etc. Ry. Co. Inc. v. So. Ind. R. E. Corp.* (1953), 231 Ind. 648, 654, 109 N. E. 2d 901.

Thus, as the classification is abritrary, is not based upon any substantial distinctions germane to the subject matter of the Act, and particularly, does not embrace all who possess the characteristics which are the basis for the classification, the Combined Sewage Disposal Act of 1963 is hereby declared to be unconstitutional.

After submission of this cause, intervening appellants Albersmeyer and Spears-Dehner, Inc., filed a motion to dismiss as to such appellants, which motion is now granted.

The order of the Public Service Commission is hereby reversed.

NOTE.—Reported in 241 N. E. 2d 805.