FEATHERSTONE *v.* FOLBRE.

Opinion delivered May 27, 1905.

SUPREME COURT—JURISDICTION.—Under Const. 1874, art 7 § § 4, 14,
    providing that the circuit court shall have superintending control and
    appellate jurisdiction over the probate and other subordinate courts
    mentioned, with power to issue, hear and determine all necessary
    writs, and that the Supreme Court shall have a general superintending
    control over all inferior courts, and, "in aid of its appellate and
    supervisory jurisdiction," shall have power to issue mandamus and
    other remedial writs, the Supreme Court has no original jurisdiction
    to control or supervise any proceeding of the probate court by
    mandamus or otherwise, but only by way of appeal and supervision
    through the circuit courts.

Petition for mandamus to St. Francis Probate Court.

Writ denied.

### STATEMENT BY THE COURT.

This is a petition to this court for a writ of mandamus
directing T. C. Folbre, as judge of St. Francis Probate Court,
to enter a *nunc pro tunc* order as of the April term, 1900, of
said court, granting to petitioner an appeal from the judgment
of the probate court rendered against him on January 29, 1900,
for $991.28, affidavit for appeal from the judgment having been
filed by him, etc.

*J. R. Beasley,* for petitioner on petition for mandamus.

The Supreme Court has jurisdiction to issue the writ of
mandamus to any inferior court. Const. art. 7, § 4; 1 Ark. 121;
25 Ark. 527; 26 Ark. 100; 35 Ark. 298; 26 Ark. 482; 4 Ark.
68; 5 Ark. 372; 6 Ark. 422; 43 Ark. 33; 12 Ark. 103.

· WOOD, J., (after stating the facts.)    The application is made
direct to this court because it is said "the circuit court will not
be in session until next March, and the necessity is urgent," etc.

Section 14 of article 7 of the Constitution provides: "The
circuit courts shall exercise a superintending control and appel-

late jurisdiction over county, probate, court of common pleas, and corporation courts and justices of the peace, and shall have power to issue, hear and determine all the necessary writs to carry into effect their general and specific powers, any of which writs may be issued upon order of the judge of the appropriate court in vacation."

Section 4, article 7, provides: "The Supreme Court, except in cases otherwise provided by this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity. And, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and other remedial writs, and to hear and determine same."

The aid of this court is asked to perfect an appeal from the probate to the circuit court. That is a matter, under our present Constitution, exclusively for the circuit court. The circuit court only has power to issue this writ in order to carry into effect its appellate jurisdiction over the probate court. The framers of the present Constitution, under section 14, article 7, *supra,* lodged the power in the circuit courts to perfect their appellate jurisdiction over inferior courts, and to this end gave them authority to issue "all necessary writs." The writ, it will be observed, is not asked in aid of any appellate or supervisory jurisdiction of this court over the probate court, but is asked only in aid of the appellate jurisdiction of the circuit court. The language of our present Constitution differs from that of all prior Constitutions (except that of 1861) in that it gives the Supreme Court power to issue the various writs enumerated in section 4, article 7, "in aid of its appellate and supervisory jurisdiction."

These words were doubtless used by the makers of the Constitution, having in view the organic laws that had been adopted prior thereto, and the decisions of this court construing them. "From the organization of the State, in 1836, until 1851, a period of fifteen years," says this court in *Price* v. *Page,* 25 Ark. 527, "this court held that it had original jurisdiction to

grant writs of habeas corpus, mandamus, and quo warranto, and to hear and determine same. In 1851, this court changed its opinion, and held, as long as the Constitution of 1836 remained in force, that this court did not have original jurisdiction of any character, and that writs specifically named in the Constitution could only be used as a means of superintending control, and in aid of the appellate jurisdiction of the court." The framers of the Constitution of 1874, doubtless having in view the construction that had been put upon the Constitution of 1868, and the prior Constitution, by the decision in *Price* v. *Page, supra,* and the earlier decisions, adopted the language in the present Constitution, so as to make it certain that the Supreme Court had no original jurisdiction to issue the writs enumerated in section 4, article 7, *supra.* Hence it used the language: "In aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and other remedial writs," etc. The Constitutions of 1836, 1864 and 1868 omitted the words, "in aid of its appellate and supervisory jurisdiction," which is significant.

Under our judicial system, appeals from all tribunals inferior to the circuit courts go to the circuit courts, and from the circuit courts to his court. This court has no original jurisdiction to control or supervise any proceedings of the probate court. That all belongs to the circuit courts, as matters of original jurisdiction, and to this court by appellate and supervisory jurisdiction over the circuit courts. This court supervises and controls all courts inferior to the circuit courts only through the latter courts. In no other way can the harmony of our judicial system, as at present constituted, be preserved. Construing the two sections of the Constitution as above quoted, our conclusion is that the framers of the Constitution of 1874 did not intend to confer upon the Supreme Court concurrent jurisdiction with the circuit courts to issue writs of mandamus, etc., in aid of the appellate and supervisory jurisdiction of the circuit courts over inferior courts, but only in aid of its own appellate and supervisory jurisdiction, and its supervisory jurisdiction over the probate courts comes, not originally, but by way of appeal and supervision through the circuit courts.

Writ denied.