MAXCY *v.* JOHN F. BEASLEY CONSTRUCTION CO.

5-1361                                              306 S. W. 2d 849

Opinion delivered November 18, 1957.

*Bernard Whetstone,* for appellant.

*Riddick Riffel,* for. appellee.

J. SEABORN HOLT, Associate Justice.   This is a suit under our Workmen's Compensation Law, Sections: 81-1301—81-1349, Ark. Stats. 1947, and involves the proper distribution, as between the Workmen's Compensation Insurance Carrier and the injured employee, of the proceeds of a recovery against a third party.

The facts appear not to be in dispute.  Appellant Maxcy, while in the course of his employment with John F. Beasley Construction Company, suffered injuries by a third party, the Ditmars, Dickmann, Pickens Construction Company (succeeded by Dickmann, Pickens, Bond Construction Company).  Maxcy employed attorney, Whetstone, under a contract whereby he agreed to pay Whetstone 50 per cent of any recovery.  Suit was filed in the federal court with the result that a settlement was effected, without trial, for $10,016.50.  Because of his injuries, Maxcy was paid benefits by his employer's compensation carrier, the Liberty Mutual Insur-

ance Company, in the total amount of $3,730.56. It appears that there was never any controversy between Maxcy and Liberty Mutual as to its liability to Maxcy for his injuries.

On March 5, 1956, appellant Maxcy filed a petition with the Workmen's Compensation Commission in which he asked for approval of a settlement and for an order of distribution of the $10,016.50. Later, in an amended petition, he asked that distribution be made in the following manner: To Liberty Mutual Insurance Company, $2,250 (5/9ths of its payment of $3,730.56); to Bernard Whetstone, $5,142.40 (attorney's fee plus $142.50 costs expended); and the balance to the employee, Robert Maxcy. In the alternative, he prayed for a distribution as follows: To Liberty Mutual Insurance Company, $1,865.28; to Bernard Whetstone, attorney, $5,142.40; to Robert Maxcy, employee, $3,008.82.

Following a hearing before a single commissioner, on the question of distribution and approval of the settlement with the third party, the commissioner approved the settlement of $10,016.50 and that attorney Whetstone was entitled to a fee of $5,000 to be deducted from the total recovery and that he should be reimbursed in the amount of $142.40 for certain expenses incurred by him in procuring the settlement. Of the remaining $4,851.60, $3,234.40 was ordered paid to Liberty Mutual Insurance Company and the remainder amounting to $1,617.20 paid to the employee, Maxcy. The full commission, on a hearing, approved the findings of the single commissioner and on appeal to the Circuit Court of Garland County, that Court affirmed the findings of the commission on November 2, 1956. This appeal followed.

For reversal, appellant relies on two points.

(1) First he says: "Since the recovery was due 100 per cent to the efforts of appellant's attorney, and since appellee had no attorney and contributed nothing toward the recovery, that it should not be allowed to recover free of its proportionate share of the reasonable cost of collection. (Conversely stated: — that appellant

(employee) should not be required to pay practically all of the cost of collection).''

The material parts of the statute dealing with distribution of the third party recovery seems to us to be clear and unambiguous.

Section 81-1340, Ark. Stats. 1947, provides: ''Third party liability.—(a) Liability unaffected. (1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them, join in such action they shall be entitled to a first lien upon two-thirds of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

''(2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury, to which this Act (§§ 81-1301—81-1349) is applicable, or the adjustment of any such claim shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third of the remainder shall, in every case, belong to the injured employee or his dependents, as the case may be; the remainder, or so much thereof as is necessary to discharge the actual amount of the liability of the employer and the carrier; and any excess shall belong to the injured employee or his dependents.''

It seems clear to us that the above section, after giving an injured employee the right to sue a third party for his injury and providing that the employer may join in such action and thereby be entitled to a first lien on two-thirds of the net proceeds recovered, and providing

that the commencement of such action should not affect the employee's right to recover compensation, there is the further provision that any amount recovered by the employee from a third party shall be applied, after deducting reasonable costs of collection: "—one-third of the remainder shall in every case belong to the injured employee or his dependents as the case may be; the remainder or so much thereof as is necessary to discharge the actual amount of the liability of the employer and the carrier; and any excess shall belong to the injured employee or his dependents."

It is our view that the order of the commission directing distribution, after allowing reasonable costs of collection, in the circumstances here is strictly in accordance with the above statutory authority and is correct. .

As indicated, the settlement here was effected without the suit being contested in federal court. It was a voluntary compromise settlement and we think the commission, under the authority of Section 81-1340 (c) had the right to approve the allowance of attorney's fee and other reasonable costs of collection where, as here, a voluntary settlement was made. The commission, after allowing Whetstone $142.40 expenses, itemized as follows:

$ 16.50 Court Costs

100.10 Court Reporter

15.00 Clerk Costs

2.00 Marshal's Fee

8.80 Pictures

allowed Maxcy one-third of the balance of $4,851.60, or $1,617.20, and allowed the insurance carrier, Liberty Mutual, $3,234.40 which was $495.96 less than it had paid Maxcy in compensation benefits.

(2) It appears that in the course of the hearing before the commission, appellant alleged and offered to prove an alleged agreement or contract entered into between him and his attorney and the insurance carrier,

Liberty Mutual, whereby he contended that Liberty Mutual agreed to contribute as part of the cost of collection, one-third of the amount it was entitled to receive in the settlement. The commission refused to consider any testimony relating to the existence of the alleged contract. On this issue appellant says, "The Commission, after hearing the testimony covering 37 pages, held that if Maxcy contended that he had a contract (agreement) with Liberty Mutual, with reference to distribution of proceeds, that this was a matter over which the Commission had no jurisdiction; that it was a matter of law and Maxcy must sue in Circuit Court; and that all the testimony in connection with such alleged agreement should be stricken from the record."

We have concluded that the commission was correct in refusing to consider testimony relating to the alleged contract for the reason that it was without jurisdiction to determine the existence of such a contract. The commission's powers and jurisdiction are determined and derived from the Workmen's Compensation Law. Clearly a suit on the enforcement and existence of a contract is for a court of law. We find nothing in the Compensation Act (and appellant has pointed to no such provision) giving the commission jurisdiction in the circumstances here. What we have said in this opinion is not intended to be, and is not, *res judicata* of appellant's right, should he so desire, to assert in a court of law whatever rights he may have under the alleged contract with Liberty Mutual. Affirmed.