WARD SCHOOL BUS MANUFACTURING, Inc. et al *v.* Carthel FOWLER

76-150                                       547 S.W. 2d 394

Opinion delivered February 22, 1977
(In Banc)

*Wright, Lindsey & Jennings,* for appellants.

*Youngdahl, Larrison & Agee,* for appellee.

DARRELL HICKMAN, Justice. This is a direct appeal of a case from the Workmen's Compensation Commission under Act 1227, 1975, of the General Assembly. Section 15 of that act provides for an appeal directly to the Supreme Court of Arkansas rather than to the circuit court.

The first consideration of this court is the constitutionality of Act 1227.

The Arkansas Constitution, Art. 7, § '4, sets forth the jurisdiction and powers of the Supreme Court of Arkansas.

> The Supreme Court, except in cases otherwise provided by this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the State, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and, other remedial writs, and to hear and determine the same. Its judges shall be conservators of the peace throughout the State, and shall severally have power to issue any of the aforesaid writs.

Section 4, in essence, provides that the Supreme Court of Arkansas, with certain exceptions, shall have appellate jurisdiction only. Appellate jurisdiction means the review of an order or decree of an inferior court. *Ex Parte Levy*, 204 Ark. 657, 163 S.W. 2d 529 (1942).

Therefore, one of the questions presented by Act 1227 is whether or not the Workmen's Compensation Commission is a court. The Workmen's Compensation Commission is an administrative agency which exercises some quasi-jurisdiction functions and makes awards which are considered judgments. *Andrews* v. *Gross & Janes Tie Company*, 214 Ark. 210, 216 S.W. 2d 386 (1948). The Commission cannot enforce its own orders. According to Ark. Stat. Ann. § 81-1325 (c) (Repl. 1976), the circuit clerk has to file the order or judgment and thereafter the enforcement is in accordance

with the procedures used by circuit courts. It can, of course, be argued that the Commission is a court and, therefore, Act 1227 simply provides for an appeal to the Supreme Court. But the General Assembly does not have the power to create courts. Art. 7, § 1, Constitution of the State of Arkansas, 1874. Also, *Jansen v. Blissenbach*, 214 Ark. 755, 217 S.W. 2d 849 (1949).

Another question to be resolved is an interpretation of Amendment 26 to the Arkansas Constitution which authorized the General Assembly to provide for Workmen's Compensation benefits. Amendment 26 provides:

> Art. V., Sec. 32. The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted.

The question that must be resolved regarding Amendment 26 is: Does Amendment 26 amend Article 7 of the Constitution and thereby permit a direct appeal to the Supreme Court of Arkansas? There is no language in Amendment 26 which explicitly provides for such an appeal. The critical sentence in Amendment 26 which must be considered provides:

> It [the General Assembly] shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same.

Means refers to the agency or instrument to attain an end. Method is the way, manner or procedure for doing anything. Forum is, of course, a court or tribunal. There is

nothing beyond this language, express or implied, which indicates that the system of courts in Arkansas, as provided for in the Arkansas Constitution, will be changed.

We are sure that the legislative intent for Act 1227 is for a good purpose, and is apparently to provide for a speed-up in processing Workmen's Compensation cases. But this assumes that all cases must be appealed. Wherever the fault lies in the system, with claims, legislation, the commission, or the courts, the problem cannot be resolved constitutionally by Section 15 of Act 1227. We find that Section 15 of Act 1227, 1975, is unconstitutional and void.

Remanded to the Workmen's Compensation Commission in order that it may transmit the record to the circuit court of Faulkner County.

FOGLEMAN, J., concurs.

BYRD, J., dissents.

JOHN A. FOGLEMAN, Justice, concurring. I thoroughly agree with the majority opinion, but I feel constrained to point out that there is a very definite reason why the dissenting judge's construction of Amendment 26 is both wrong and unacceptable.

The author of that opinion takes one definition of the word "forum," incorporates it into the Amendment, and thereby makes of the Workmen's Compensation Commission something that it is not, i.e., a court, entirely overlooking the fact that "forum" has a different meaning, i.e., a tribunal, a place where a remedy is sought. A court or judicial tribunal is a forum, but a forum is not necessarily a *judicial* tribunal. Every court is a tribunal but a tribunal is not necessarily a court. *Alabam's Freight Co.* v. *Hunt*, 29 Ariz. 419, 242 P. 658 (1926). We have many tribunals, forums or places where remedies are sought in Arkansas other than the Workmen's Compensation Commission which are not courts, even though they "adjudicate claims" or exercise quasi-judicial functions: For example:

State Medical Board. See *Brockman* v. *Arkansas State Medical Board*, 229 Ark. 143, 313 S.W. 2d 826.

Public Service Commission. See *Southwestern Gas & Electric Co.* v. *Town of Hatfield*, 219 Ark. 515, 243 S.W. 2d 378.

Employment Security Division. See *Hickenbottom* v. *McCain*, 207 Ark. 485, 181 S.W. 2d 226, cert. den. 323 U.S. 777, reh. den. 323 U.S. 817.

There are dozens of others, but these serve to point up the flaw in the dissenter's reasoning that a forum for adjudicating claims is a court. In rejecting just such an argument and holding that New Jersey's Division of Workmen's Compensation was not a court, and thus its Supreme Court was without jurisdiction to grant an appeal from the division's "judgment" on certification to the division, that court said:

> The failure to comprehend that administrative adjudication is not judicial springs from the erroneous notion that all adjudication is judicial. * * *

Certainly it cannot seriously be argued that such a board, commission or agency is in any sense of the word a *court* or *judicial* tribunal.

The powers of the General Assembly are set out in Amendment 26, which amended Art. 5 § 32. Under this amendment, it shall have the power to *provide the* means, method and *forum* for adjudicating claims. It is significant that the singular "the forum" is used. Not "the forums." It is also significant that the power is to *provide*, not designate. So the power of the General Assembly is to "provide the forum." And we have said that when it created an administrative tribunal, which acts in a quasi-judicial capacity, it did what it was empowered to do (and all it was empowered to do). In *J. L. Williams & Sons* v. *Smith*, 205 Ark. 604, 170 S.W. 2d 82, we said:

> * * * It thus appears that the lawmaking powers of this state, after great deliberation, have provided the commission as the forum for trying all questions of fact aris-

ing in connection with claims under this act and have made its findings conclusive and binding, in the absence of fraud, if there be sufficient competent evidence to warrant the making of the finding. It is also expressly enacted that there be no review in court except on questions of law.

Putting aside for a moment the meaning of the word forum in Amendment 26, when we look at what the General Assembly did in the exercise of its power "to provide the forum for adjudicating claims arising under . . . laws" prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made," we see very clearly that it did not create a court. We have clearly held that the Workmen's Compensation Commission is an administrative agency, *not a court,* even though it exercises quasi-judicial functions and its awards are in the *nature* of judgments. *Andrews* v. *Gross & Janes Tie Co.,* 214 Ark. 210, 216 S.W. 2d 386; *Davis* v. *Arkansas Best Freight System, Inc.,* 239 Ark. 632, 393 S.W. 2d 237, 17 ALR 3d 986; *DuraCraft Boats, Inc.* v. *Daugherty,* 247 Ark. 125, 444 S.W. 2d 562.

Not only is the commission not a court, it really could not be. One of the indicia in determining whether or not a tribunal, or forum, for that matter, is a court, is its power to enforce its own orders. See *South Atlantic S.S. Co. of Delaware* v. *Tutson,* 139 Fla. 405, 190 S. 675 (1939); *State* v. *Cannon,* 206 Wis. 374, 240 N.W. 441 (1932).

As pointed out in the majority opinion the Workmen's Compensation Commission does not have this power. Ark. Stat. Ann. § 81-1325 (c) (Repl. 1976) provides:

Enforcement of order or award. If any employer fails to comply with a final compensation order or award, any beneficiary of such order or award, or the Commission, may file a certified copy of the said order or award in the office of the circuit clerk of any county in this State where any property of the employer may be found, whereupon the circuit clerk shall enter the said order or award in the judgment record of said county and the said order or award so recorded shall be a judg-

ment and lien as are judgments of the circuit court, and enforceable as such.

In *Cannon*, it was pointed out that a court, in the constitutional sense, is a government institution known to the common law which possesses inherent powers, characterizing it as a court and distinguishing it from all other institutions. Among the powers mentioned was the power to enforce its own orders.

The Workmen's Compensation Commission has no inherent powers, those attributes so essential to a "court." *Parker* v. *Industrial Commission of Utah*, 66 Utah 256, 241 P. 362 (1925). See also, *Michelson* v. *Industrial Commission*, 375 Ill. 462, 31 N.E. 2d 940 (1941). In Arkansas, the commission's powers and jurisdiction are determined by and derived from the Workmen's Compensation Law. *Maxcy* v. *John F. Beasley Construction Co.*, 228 Ark. 253, 306 S.W. 2d 849.

For other holdings that a Workmen's Compensation Commission, such as that created by our act, is an administrative agency, not a court, and that it is not vested with judicial power in a constitutional sense, see: *Kelly* v. *Howard*, 233 Mo. App. 474, 123 S.W. 2d 584 (1938); *DeMay* v. *Liberty Foundry Co.*, 327 Mo. 495, 37 S.W. 2d 640 (1931); *Carnahan Oil & Refining Co.* v. *Miller*, 232 Ky. 78, 22 S.W. 2d 430 (1929); *National Biscuit Company* v. *Martin*, 225 Ga. 198, 167 S.E. 2d 140 (1969); *Ahmed's Case*, 278 Mass. 180, 179 N.E. 684, 79 ALR 669 (1932); *Carroll Shershun's Case*, 286 Mass. 379, 190 N.E. 595 (1934); *Liquid Carbonic Co.* v. *Industrial Commission*, 352 Ill. 405, 186 N.E. 140, 87 ALR 770 (1933); *Borgnis* v. *Falk Co.*, 147 Wis. 327, 133 N.W. 209, 37 LRA (ns 489) (1911); *Alabam's Freight Co.* v. *Hunt*, 29 Ariz. 419, 242 P. 658 (1926); *Schwartz* v. *Mount Vernon-Woodberry Mills*, 206 S.C. 227, 33 S.E. 2d 517 (1945); *Heavener* v. *Town of Lincolnton*, 202 N.C. 400, 162 S.E. 909, app. dism. 287 U.S. 672, 53 S. Ct. 4, 77 L. Ed. 579 (1932); *Hunter* v. *Colfax Consol. Coal Co.*, 175 Iowa 245, 154 N.W. 1037 (1915); *Traders & General Insurance Co.* v. *Lincecum*, Tex. Civ. App., 126 S.W. 2d 692 (1939); *Commercial Casualty Insurance Co.* v. *Hilton*, 126 Tex. 497, 87 S.W. 2d 1081 (1935); *Russell* v. *Johnson*, 220 Ind. 649, 46 N.E. 2d 219 (1943); *Warren* v. *Indiana Telephone Co.*, 217 Ind. 93, 26 N.E. 2d 399 (1940).

But the real reason that the dissenter's construction of Amendment 26 is both unacceptable and wrong, is that the General Assembly does not have the power to create a court; and no power to create a court for adjudicating workmen's compensation claims exists under our constitution unless it is given by Amendment 26. As previously pointed out, the General Assembly was, significantly, given the power to *provide the* forum, not *designate* it, or choose it. As pointed out in the majority opinion and hereinabove the power of the General Assembly to create courts is strictly limited. See also, *Morley v. Fifty Cases of Whiskey*, 216 Ark. 528, 226 S.W. 2d 344; *Ex parte King*, 141 Ark. 213, 217 S.W. 465. Amendment 26 does not give the power unless the word "forum" is read to mean "court." But to do this all rules of constitutional construction must be cast to the winds.

The judicial power is limited by Art. 7 § 1 of the Arkansas Constitution:

> Judicial power vested in courts. — The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established, and when deemed expedient, may establish separate courts of chancery.

Before the General Assembly could make the commission a court, Amendment 26 must be read to have amended or repealed this section. It certainly does not do so *expressly*. It purported to be an amendment of Art. 5, § 32 only. It has *only* been held to have amended that section and § 7 of Art. 2, which secures the right of trial by jury. *Young v. Tarlton*, 204 Ark. 283, 162 S.W. 2d 477. A change in Art. 7 § 1 which was not under consideration when Amendment 26 was enacted cannot be found unless the terms of the amendment are so inconsistent that the two cannot stand together. *Rankin v. Jones*, 224 Ark. 1001, 278 S.W. 2d 646.

The same rules of construction and interpretation governing repeals and amendments of statutes apply with at least equal force to repeals and amendments of constitutional

provisions. See *McDonald* v. *Bowen*, 250 Ark. 1049, 468 S.W. 2d 765; *Shepherd* v. *City of Little Rock*, 183 Ark. 244, 35 S.W. 2d 361; *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W. 2d 279; *State* v. *Jones*, 242 Ark. 168, 412 S.W. 2d 284; *Faubus* v. *Kinney*, 239 Ark. 443, 389 S.W. 2d 887; *Rankin* v. *Jones*, 224 Ark. 1001, 278 S.W. 2d 646; *Ferrell* v. *Keel*, 105 Ark. 380, 151 S.W. 269. Repeals by implication are not favored and there is a *legal presumption against* a repeal. *Faubus* v. *Miles*, 237 Ark. 957, 377 S.W. 2d 601.

Amendments of a constitution by implication are no more favored than are repeals. *Rankin* v. *Jones*, supra. An implied amendment cannot arise from a supposed legitimate intent in no way expressed, however necessary or proper it may seem to be, and an amendment by implication can occur *only* when the terms of the later provisions are so repugnant with the earlier one that they *cannot* stand together. *Rankin* v. *Jones*, supra.

It is to be presumed that language has been employed with sufficient precision to convey the intent of the people in adopting an amendment. *Carter* v. *Cain*, 179 Ark. 79, 14 S.W. 2d 250.

The courts cannot read words into a constitutional amendment which substantially add to, or take from, it, as it is framed. *Hodges* v. *Dawdy*, 104 Ark. 583, 149 S.W. 656.

It is the duty of this court to construe constitutional sections so that the instrument as a whole is harmonious if it is possible to do so. *Ex parte King*, 141 Ark. 213, 217 S.W. 465; *Chesshir* v. *Copeland*, 182 Ark. 425, 32 S.W. 2d 301; *Carter* v. *Cain*, 179 Ark. 79, 14 S.W. 2d 250. Amendment 26 became a part of the whole constitution for the purpose of uniform construction. See *Parkin Printing & Stationery Co.* v. *Arkansas Printing & Lithographing Co.*, 234 Ark. 697, 354 S.W. 2d 560.

The constitution must be considered as a whole and to interpret any part of it, we must read it in the light of other provisions relating to the subject. *Chesshir* v. *Copeland,* 182 Ark. 425, 32 S.W. 2d 301. In construing an amendment to the constitution, *it must be harmonized* with all the existing provisions of the constitution, if it is possible to do so. *Carter* v.

*Cain,* supra. Such construction should be given a constitutional amendment as will, if possible, leave all the other provisions in the constitution *unimpaired* and in full force. *Ferrell* v. *Keel,* 105 Ark. 380, 151 S.W. 269; *State* v. *Donaghey,* 106 Ark. 56, 152 S.W. 746; *State* v. *Scott,* 9 Ark. 270. An amendment displaces only such provisions of the existing constitution as are found to be inconsistent with it. *Hodges* v. *Dawdy,* supra.

An amendment will prevail over an earlier constitutional provision *only* to the extent to which the latter is necessarily repugnant to the former and there is *irreconcilable* conflict between the two. *Chesshir* v. *Copeland,* 182 Ark. 425, 32 S.W. 2d 301; *Townsend* v. *McDonald,* 184 Ark. 273, 42 S.W. 2d 410; *Rankin* v. *Jones,* supra; *Carter* v. *Cain,* 179 Ark. 79, 14 S.W. 2d 250; *Ferrell* v. *Keel,* 105 Ark. 380, 151 S.W. 269; *State* v. *Donaghey,* 106 Ark. 56, 152 S.W. 746; *Hodges* v. *Dawdy,* 104 Ark. 583, 149 S.W. 656. No interpretation of a constitutional amendment *should be allowed* which would conflict with any other provision of the constitution unless it is *absolutely necessary* to give effect to the amendment. *State* v. *Donaghey,* supra; *Ferrell* v. *Keel,* supra; *State* v. *Scott,* supra. The purpose of the amendment must be apparent on its face and gathered only from its terms. *Rankin* v. *Jones,* 224 Ark. 1001, 278 S.W. 2d 646. See also, *Carter* v. *Cain,* 179 Ark. 79, 14 S.W. 2d 250. The meaning of the framers *must* be gathered from the language used. *Hodges* v. *Dawdy,* 104 Ark. 583, 149 S.W. 656; *State* v. *Scott,* 9 Ark. 270. In determining the intent in framing a constitutional amendment, the court must keep in view *the constitution before it was amended,* the evil to be remedied by the amendment and the terms of the amendment. *Carter* v. *Cain,* supra; *Ferrell* v. *Keel,* supra; *Jackson* v. *Madison County,* 175 Ark. 826, 300 S.W. 924; *State* v. *Scott,* 9 Ark. 270.

The words "[The General Assembly] shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same" are neither inconsistent with nor repugnant to any of the words of Art. 7, § 1 quoted above. There is no irreconcilable conflict. To the contrary, the two provisions can, and must, be harmonized. Creation of a court was not a matter directly connected with the evils to be remedied by Amendment 26. It would be more accurate to say that it was dis-

satisfaction with judicial remedies available in and administered by courts that caused the adoption of Amendment 26. See 81 Am. Jur. 2d 699, Workmen's Compensation § 2; 99 CJS 37, Workmen's Compensation, § 5; 1 Larson p. 25, et seq. §§ 4.30, 4.40, 4.50, 5.20. In *Odom* v. *Arkansas Pipe and Scrap Material Co.*, 208 Ark. 678, 187 S.W. 2d 320, we said:

> *** Its purpose and effect was to substitute, as to employment embraced within its terms, the liability created by it for any and all liability of the master arising from the death or injury of his servant. "The remedies provided by Act No. 319 of 1939 (Workmen's Compensation Law) are, unless the employer fails to secure the payment of compensation as required by the Act, exclusive." Headnote 2, *Young* v. *G.L. Tarlton,* supra.

Clearly, creation of a *court* for adjudication of claims was not a matter directly connected with the evils to be remedied by Amendment 26. Its basic purpose has been considered many times. In *International Paper Co.* v. *Tidwell,* 250 Ark. 623, 466 S.W. 2d 488, we spoke to the matter, saying:

> Recognized purposes of the act are to improve employer-employee relationships, to insure the security of employees following covered employment by substituting awards for losses sustained by reason of such employment which are more nearly proportionate to the loss and more certain and more satisfactory than former remedies in tort, to ameliorate the condition of disabled workers by shifting a part of the burden of accidents in covered employment to the public in general and to charge to the ultimate consumers, a part of the loss from risks of such employment. ***

When Amendment 26 is harmonized with Art. 7 § 1 of the constitution, "a forum for adjudicating claims" means something other than a court of justice or judicial tribunal, and it does not become a part of the judicial system and is not vested with judicial powers.

Passing now to the assertion that § 15 of Act 1227 of 1975 did no more than confer "appellate jurisdiction only"

under Art. 7 § 4, what I have heretofore said about the status of the Workmen's Compensation Commission applies with equal force. We should have to read no further than Amendment 26 to declare that the General Assembly did not have the power to change the nature of the jurisdiction of the Supreme Court in Arkansas. It had no power to do anything except to provide *the forum* for *adjudicating* claims.

When we view the meaning of the words "appellate jurisdiction only" in Art. 7 § 4, the flaw in the reasoning that § 15 of Act 1227 was within the power of the legislature becomes apparent.

Essentially the same problem was presented to the Supreme Court of Kansas as early as 1870. *Auditor of State* v. *A.T. & S.F. Railroad Co.*, 6 Kan. 500, 7 Am. Rep. 575. A Kansas act provided for an appeal to that court from an appraisal assessment of railroad property by a Board of Appraisers and Assessors. The statute was held unconstitutional because the legislature had no power to confer original jurisdiction on the Supreme Court under constitutional provisions similar to Art. 7, § 4 and Art. 7, § 14 of our constitution, except that the Kansas constitution stated that the Supreme Court should have such appellate jurisdiction as may be provided by law. But the Kansas Supreme Court held that its appellate jurisdiction could only be conferred upon it when the appeal was taken from a decision by a "court" clothed with judicial authority and acting in a judicial capacity. The Kansas court relied heavily upon Judge Story's Commentaries on the Constitution reciting that appellate jurisdiction necessarily implies that the subject matter has already been instituted and acted upon by some other *court* whose judgment or proceedings are to be revised, and that the decision from which the appeal is taken must have been made by one clothed with judicial authority and acting in a judicial capacity.

Our constitution seems more restrictive than was that of Kansas. We have construed Art. 7 § 4 to have the same effect and the words in question to have a definite meaning.

The constitution must be construed according to the sense of the terms used and the intention of its authors. *State* v. *Scott*, 9 Ark. 270. Since this is the case, we should turn first

to the "sense" of the term "appellate jurisdiction." This is necessary, because, as I have pointed out, this provision must stand unimpaired, unless the terms of Amendment 26 are necessarily repugnant to or in irreconcilable conflict with it and Amendment 26 must, if possible, be harmonized with Art. 7 § 4.

Appellate jurisdiction in the constitution means the review by a superior court of the judgment, order or decree of some inferior *court*. This was the accepted definition when the constitution was adopted. *Ex parte Levy*, 204 Ark. 657, 163 S.W. 2d 529. It is not even permissible for the Supreme Court to review the action of a *judge* as distinguished from a *court*. *Mallett* v. *Hampton*, 94 Ark. 119, 126 S.W. 92. Appellate jurisdiction cannot create a cause. It must be first created and adjudicated by another *judicial* tribunal. *Ft. Smith Light & Traction Co.* v. *Bourland*, 160 Ark. 1, 254 S.W. 481.

The appellate jurisdiction of the Supreme Court of this state does not, nor can it be made to, extend to the proceedings or decision of any officer or tribunal whatever, other than the *judicial* proceedings or determinations of some court vested with some portion of the judicial power by or under the authority of the constitution itself. *Dunn* v. *State*, 2 Ark. 229, 35 Am. Dec. 54, where this court speaking of the restriction of the Supreme Court's jurisdiction said:

> *** This fundamental law, so far as it relates to the present question, does not, in any respect, differ materially from that clause in the Constitution of the United States, which declares that "the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make;" in commenting upon which, and defining the meaning of the terms "appellate jurisdiction," as there used, Judge *Story* in the third volume of his Commentaries on the Constitution, page 626, says "the essential criterion of appellate jurisdiction is that it revises and corrects the proceedings in a cause already instituted, and does not create that cause in reference to *judicial tribunals:* an appellate jurisdiction, therefore, necessarily implies that the subject matter has been already instituted in, and acted upon, *by some other court.*

whose judgment or proceedings are to be revised. ***

To operate at all then, under the Constitution of the United States, it is not sufficient that there has been a decision by some officer or department of the United States. It must be by one *clothed with judicial authority and acting in a judicial capacity.* ***

And, in our opinion, the same language, as it is used in that clause of the Constitution of this State, now under consideration, must receive the same construction, and have the like application given to it as has been given thereto, and used in the Constitution of the States; for they are used in reference to the same object, that is, to define in part the jurisdiction of the Supreme Court, and were adopted by those who framed the Constitution of this State, with a full understanding of their application, as ascertained and defined by the adjudications and commentaries aforesaid; and, therefore, it is reasonable to presume that they were not designed to include any thing more than they are understood and held to embrace by the construction which they had previously received; and it is, therefore, to our minds, manifest that the appellate jurisdiction of this court does not, and *under the Constitution can never be made to extend to the proceedings or decision of any officer or tribunal whatever, other than the judicial proceedings or determinations of some court or Justice of the Peace vested with some portion of judicial power by or under the authority of the Constitution itself;* *** [Emphasis mine.]

The fact that this case was decided under the Constitution of 1836 is of no consequence. § 4 of Art. 7 to the Constitution of 1874 was taken from § 2 of Art. VI of the Constitution of 1836, in which the jurisdiction of the Supreme Court was defined in language substantially identical with § 4 of our present constitution. *Ex parte Levy*, 204 Ark. 604, 163 S.W. 2d 82.

*State* v. *Jones*, 22 Ark. 331, cited in one of the briefs, is not contrary to this holding. The full sentence in that opinion relating to the identical provision in the Constitution of 1836, is:·

*** And what we understand by appellate jurisdiction, is, the right to determine questions raised in an actual case, in its pendency before an inferior tribunal, that the errors of that tribunal may be rectified by such adjudication being made here as should have been made below, or by remanding the case for further proceedings in the *court* below, with provisions that the party against whom error has been committed, shall be relieved from the consequence of such error, and shall have the benefit of a new trial, or of a legal judgment. [Emphasis mine.]

The 1874 Constitution established a detailed and comprehensive system for the trial and appeal of all cases. See Art. 7. The structure remains the same today, except for appeals from probate courts, as it was then, unless it is changed by § 15 of Act 1227. It is quite clear that prior to the adoption of that act that the jurisdiction of this court was confined to appeals from circuit, chancery and probate courts. Art. 7, §§ 4, 35 (as amended by Amendment 24); *Featherstone* v. *Folbre*, 75 Ark. 510, 88 S.W. 554; Amendment 24. It is equally clear that, under our judicial system, appeals from *all tribunals* inferior to the circuit courts go to the circuit courts and from the circuit courts to this court. Art. 7, § 14, 33, 42, 52; *Featherstone* v. *Folbre*, supra.

We have said that this court has *no* original jurisdiction except that expressly conferred by the constitution and that this jurisdiction *cannot be enlarged* by the legislature. *American Party of Arkansas* v. *Brandon*, 253 Ark. 123, 484 S.W. 2d 881. Of course, it has been expressly held that the extraordinary writs of mandamus, prohibition, certiorari, habeas corpus, etc. may be issued by the Supreme Court only in aid of its appellate jurisdiction. See *Featherstone* v. *Folbre*, 75 Ark. 510, 88 S.W. 554. Attempts to enlarge upon such use have been rebuffed.[1]

Of course, original jurisdiction is expressly conferred upon this court in certain cases connected with statewide initiative and referendum.

---

[1] See *State* v. *Sams*, 81 Ark. 39, 98 S.W. 955; *McConnell* v. *Bourland*, 175 Ark. 253, 299 S.W. 44; *Ex parte Dame*, 162 Ark. 382, 259 S.W. 754, where an effort was made to obtain review of action of county court on petition for writ of habeas corpus, bypassing review in the circuit court.

It is crystal clear that the jurisdiction of this court is appellate only and that the constitution even after the adoption of Amendment 26 did not expressly confer original jurisdiction to review the quasi-judicial actions of administrative boards, commissions, agencies or tribunals. The only question is whether Amendment 26 gave this power to the General Assembly.

In approaching this question, we must first consider the nature of judicial review of the action of such an administrative agency.

It can be, and has been, argued that if the General Assembly had not provided for court review then the courts could not have considered workmen's compensation cases at all, except for questions of due process under the Federal Constitution. *J. L. Williams and Sons, Inc. v. Smith*, 205 Ark. 604, 170 S.W. 2d 82. This argument is probably untenable, unless the exception is a recognition of the type of judicial review always permitted in Arkansas. It has been made quite clear, by our own decisions that the proceedings of a state *administrative board* or tribunal are subject to review on certiorari or other extraordinary writ in the *circuit court,* a court of general original jurisdiction, when that board acts in *a quasi-judicial capacity,* even in the absence of a statutory authorization. *Hall v. Bledsoe*, 126 Ark. 125, 189 S.W. 1041; *Howell v. Todhunter*, 181 Ark. 250, 25 S.W. 2d 21; *Pine Bluff Water & Light Co. v. City of Pine Bluff*, 62 Ark. 196, 35 S.W. 227; *State v. Railroad Comm.*, 109 Ark. 100, 158 S.W. 1076. See Parker, Administrative Law in Arkanaas, 4 Ark. Law Rev. 107, 120; Davis, Mandamus to Review Administrative Action in Arkansas, 11 Ark. Law Rev. 351, 352; Bryant, Certiorari in Arkansas, 17 Ark. Law Rev. 163, 169, 172. See also, *South Atlantic S.S. Co. of Delaware v. Tutson*, 139 Fla. 405, 190 S. 675 (1939) (appellate review of workmen's compensation cases has since been changed in Florida by constitutional amendment); *Warren v. Indiana Telephone Co.*, 217 Ind. 93, 26 N.E. 2d 399 (1940); *U.S. Steel Corp. v. Douglas*, 125 Ind. App. 212, 123 N.E. 2d 899 (1955).

It may well be that this court, in stating that there was no right to judicial review of compensation cases absent statutory authorization by the General Assembly in *J. L.*

*Williams & Sons, Inc.* v. *Smith,* supra, did not overlook the effect of decisions approving the right of review by mandamus, certiorari, or other extraordinary writ, (see cases cited, supra) but considered that type of review to come within the due process exception. According to Prof. Larson, there is an inherent right to judicial review of questions of law, the destruction of which would be unconstitutional. 3 Larson, Workmen's Compensation Law 15-339, § 80; see also, *Dation* v. *Ford Motor Co.,* 314 Mich. 152, 22 N.W. 2d 252 (1946); *Russell* v. *Johnson,* 220 Ind. 649, 46 N.E. 2d 219 (1943).

Administrative boards such as a Workmen's Compensation Commission are subject to the judicial power of the state as provided by the constitution and by statutes that do not violate the constitution, or by mandamus, certiorari or other such procedure. *South Atlantic S.S. Co. of Delaware* v. *Tutson,* supra. At any rate, the actions of the Workmen's Compensation Commission would have been subject to judicial review in the circuit court by utilization of the writs which had been used for that purpose throughout the history of this state.

The power of the General Assembly to provide for "Appeals" from quasi-judicial administrative decisions rests initially upon the power of the courts to issue the extraordinary writs traditionally utilized. Authority for this statement is found in *Civil Service Commission of Van Buren* v. *Matlock,* 205 Ark. 286, 168 S.W. 2d 424. Of course, the use of these writs in such situations was based upon the constitutional powers of the circuit courts as the reservoir of all jurisdiction not vested in other courts. Art. 7, § 11; *Civil Service Commission of Van Buren* v. *Matlock,* supra. There we said:

> *** But the remedy provided by the legislature for one aggrieved, as the appellee was, by an order of the civil service commission after all is simply an opportunity to obtain restoration to his office by a judicial proceeding. Unquestionably the remedies afforded by writ of *quo warranto* or of *certiorari,* either of which might have been pursued in the absence of a statutory remedy, are judicial proceedings. The legislature might have provided for the bringing of an original suit in the circuit court in order to afford the aggrieved party judicial redress

> from an unjust decision of the civil service commission, and the fact that the legislature saw fit to authorize such proceeding by way of appeal from the order of the civil service commission does not make such proceeding any the less a judicial one. Under our constitution, Article VII, § 11, the circuit court is made the reservoir of all judicial powers not vested elsewhere. The legislature had the right, in authorizing a civil service commission, to vest in the circuit court the power to review judicially, either by way of original proceeding or by way of appeal, the action of the commission. \*\*\*

Thus, the statute providing for "appeal" from the Workmen's Compensation Commission is nothing more than a recognition of the right to judicial review in the exercise of the power of the courts to issue these writs. This holding is consistent with the widely accepted rule of law, as will presently be shown.

The appeal provided is a creature of the statute and the use of the word "appeal" does not transform the commission into a judicial tribunal or make the appeal to be one from one *judicial tribunal* to another; to the contrary it merely denotes review of commission action by a judicial tribunal. *Plummer* v. *Johnson*, 61 N.M. 423, 301 P. 2d 529 (1956); *Tice* v. *State Industrial Accident Comm.*, 183 Or. 593, 195 P. 2d 188 (1948).

It is widely held and recognized that the word "appeal" is a misnomer when used in a statute providing for and governing applications for judicial review of the quasi-judicial actions of administrative boards, commissions and agencies. *Appeal of Bridgeport Malleable Iron Co.*, 86 Conn. 378, 85 A. 580; *U.S. Steel Corp.* v. *Douglas*, 125 Ind. App. 212, 123 N.E. 2d 899, and cases cited infra. The use of this word has been said to be misleading. Such an "appeal" has been referred to as a "so-called" appeal, "Amorphous" appeal, etc. See cases cited supra and infra. In no case have I found where the word in this context has been given the meaning technically and properly ascribed to it, i.e., an appeal fron one judicial tribunal to another.

The meaning of the word "appeal," in the United States, depends upon the particular statute creating it and to deter-

mine its precise meaning and effect resort must be had to the general policy of the law and to reasons drawn from the practical consequences of applying one interpretation or another. *Vaill* v. *McPhail,* 34 R.I. 361, 83 A. 1075 (1912), 39 LRA 794. The judicial review of the Workmen's Compensation Commission actions is not an "appeal" at all, even though that terminology is used in the statute, because it is review of the action of an administrative tribunal or agency which performs quasi-judicial functions. See, Parker, Administrative Law in Arkansas, 4 Ark. Law Rev. 107, 122; Davis, Mandamus to Review Administration Action in Arkansas, 11 Ark. Law Rev. 351, 352.

Wherever the question has arisen, the first judicial review of a Workmen's Compensation Commission, or a like tribunal has been considered as the exercise of original jurisdiction. See cases cited infra. An "appeal" to a court under an act such as ours, is not a judicial case until it is brought to the courts, so it is an original action then, just as it would be if brought by certiorari, injunction or other such writ. *South Atlantic S.S. Co. of Delaware* v. *Tutson,* 139 Fla. 405, 190 S. 675 (1939); *Stansell* v. *Marlin,* 153 Fla. 421, 14 S. 2d 892 (1943). When an "appeal" from such a tribunal is taken to a court, the case is regarded as originating in that court, insofar as the judicial branch of the government is concerned. *South Atlantic S.S. Co. of Delaware* v. *Tutson,* supra. It is an original application of the exercise of its appropriate judicial power. *Leszczymski* v. *Andrew Radel Oyster Co.,* 102 Conn. 511, 129 A. 539 (1925). Even when such an "appeal" goes to an intermediate appellate court which may constitutionally be invested with original and appellate jurisdiction, it is held that the intermediate court is a court of original jurisdiction insofar as that "appeal" is concerned. *Graver Tank & Mfg. Co., Inc.* v. *Mahar,* 238 Ind. 226, 150 N.E. 2d 254; *Warren* v. *Indiana Telephone Co.,* 217 Ind. 93, 26 N.E. 2d 399 (1940). It has also been held that the Supreme Court, in such a situation cannot take jurisdiction until after there has been a decision in the intermediate appellate court, as the original jurisdiction. *Graver Tank & Mfg. Co., Inc.* v. *Mahar,* supra, *Warren* v. *Indiana Telephone Co.,* supra. Even where the "appeal" in a Workmen's Compensation case goes to the Supreme Court, it has been held to be an original proceeding and the review is the exercise of original jurisdiction. *DeConstantin* v. *Public Ser-*

*vice Commission,* 75 W. Va. 32, 83 S.E. 88, LRA 1916 A 329 (1914). In West Virginia, the original jurisdiction in the Supreme Court in Workmen's Compensation cases is based upon that court's *original* jurisdiction in mandamus or prohibition. *Poccardi* v. *Public Service Comm.,* 75 W. Va. 542, 84 S.E. 242, LRA 1916 C 329 (1915); *Saunders* v. *State Compensation Com'r.,* 112 W. Va. 212, 164 S.E. 39 (1932).

As noted above, it is quite clear that the same rules of construction applicable to statutes ordinarily apply with equal force to constitutions. *Hodge* v. *Dawdy,* 104 Ark. 583, 149 S.W. 656. A well-settled rule of construction, which has been applied to constitutional provisions is that where general terms in one part are inconsistent with more specific or particular provisions in another, the more particular provisions will be given effect as clearer and more definite expressions of the legislative will. *Hodges* v. *Dawdy,* supra.

The term "provide the means, methods and forum for adjudicating claims" is general. The term "appellate jurisdiction only" is a very specific and particular provision with a well-defined meaning. If there is any conflict, (and I insist there is none), the general provision must give way to the specific and particular one.

The words of these sections of the constitution are not inconsistent with or repugnant to each other. There is no irreconcilable conflict; the two provisions are readily reconcilable, and must be harmonized. When this is done the provision as to appellate jurisdiction remains in the constitution unaffected. This is only logical when appellate jurisdiction is *only* by appeal from a court or judicial tribunal and when the nature of judicial review of the Workmen's Compensation Commission is recognized for all that it can ever be, i.e., an original action in the court which has superintending control of all inferior tribunals and is the reservoir of all jurisdiction not assigned to other courts.

Judicial review of the adjudication of claims for compensation was not a matter directly connected with the evils to be remedied by Amendment 26.

It is worthy of note that the Court of Appeals of Georgia,

an intermediate appellate court, held that an act of the General Assembly of that state providing for a direct appeal to that court from an order or award of the Workmen's Compensation Board was unconstitutional as an attempt to enlarge the jurisdiction of that court. An important consideration in reaching that result was that the State Board of Workmen's Compensation was not a court but was an administrative agency with only those powers and duties given it by statute. *Baggett Transportation Co.* v. *Barnes,* 108 Ga. App. 68, 132 S.E. 2d 229 (1963). As previously noted, the same result was reached for essentially the same reasons in *Mulhearn* v. *Federal Shipbuilding in Dry Dock Co.,* 2 N.J. 356, 66 A. 2d 726.

The powers of the General Assembly to alter the structure of the judicial system is very limited. It can vest such jurisdiction as deemed necessary in courts of common pleas and municipal corporation courts, and when deemed expedient, establish courts of chancery. Art. 7, § 1. It may provide for the consolidation of chancery and probate courts. Art. 7, § 34 (as amended by Amendment 24).

The Legislature cannot add to or take from the jurisdiction vested in the Supreme Court by the Constitution. *Harding* v. *State,* 94 Ark. 65, 126 S.W. 2d 90; *Ft. Smith Light and Traction Co.* v. *Bourland,* 160 Ark. 1, 254 S.W. 481.

It cannot confer *original jurisdiction* on this court. *Ft. Smith Light and Traction Co.* v. *Bourland,* supra.

It cannot enlarge the original jurisdiction. *American Party of Arkansas* v. *Brandon,* 253 Ark. 123, 484 S.W. 2d 881. If it can require initiation of judicial review in this court, it could under Amendment 26 provide for the filing of claims in this court originally. This is an absurdity that might never come to pass. But who, in 1938, when Amendment 26 was adopted would have dreamed that a direct appeal from the Workmen's Compensation Commission to the Supreme Court of Arkansas would ever have been suggested.

In his argument that the commission is a court the dissenter observed that federal court judgments do not rise to the status of a judgment lien until filed with the circuit clerk

in the county where the property is located. Federal court judgments are judgment liens in every jurisdiction excepting those which authorize federal court judgments to be filed, recorded, etc. in the same manner as state court judgments in jurisdictions in which state court judgments must be filed, recorded, etc. 28 U.S.C. § 1962. The federal courts, after their judgments are rendered do not abdicate control of their judgments to the state courts but proceed, by their own powers, to direct execution. 28 U.S.C. § 2001 et seq. But the Workmen's Compensation Commission cannot do this.

A court, under the common law enforced its judgments by execution without the detailed procedures and systems that have been created by statute. Executions, such as fieri facias, levari facias, extendi facias, venditioni exposas and others were used by justices to enforce their judgments. See Kelley's Justice Treatise, Fifth Ed., § 153, which states, "The issuing of an execution by the justice is regarded as a judicial act, and involves only that degree of responsibility attending the acts of all judicial officers . . . " There is no true parallel between Workmen's Compensation Commission awards and federal court judgments, because the commission has no power, either inherently or by statute, to enforce its awards.

The Workmen's Compensation Commission is the forum for adjudicating claims arising under the laws passed pursuant to Amendment 26. It is not a court, but is an administrative agency with quasi-judicial powers, whose actions are subject to limited judicial review, which is not truly an appeal, but is the exercise of original judicial jurisdiction. Attempt to place that jurisdiction in this court is an unconstitutional attempt to confer original jurisdiction on this court. When harmonized with Art. 7 § 4, Amendment 26 does not authorize the General Assembly to enlarge or change the jurisdiction of this court.

I certainly share the dissenter's concern about delays in judicial review of commission decisions. I do not say that there are no means available to the General Assembly to relieve from "onerous" delays or to expedite the process of judicial review. If the judicial department is unnecessarily contributing to that delay then it behooves the courts and judges to take affirmative steps to minimize the time required

for review. Until the passage of Act 1227, appeals in these cases from the circuit court took precedence in this court over all other civil cases, except election contests. See Ark. Stat. Ann. § 81-1325 (b) (Supp. 1975). Such priority should be continued. Perhaps the time for filing transcripts should be shortened. Perhaps the Indiana system of channelling these appeals from the commission to an intermediate court should be adopted, but this would require a constitutional amendment to authorize the creation of such a court.

Still, this court has a duty to uphold the constitution (and cases interpreting it) and the doctrine of separation powers as well. Art. 19, § 20, and Art. 4, Constitution of Arkansas; *Sloan v. Sears, Roebuck & Co.*, 228 Ark. 464, 308 S.W. 2d 802; *Moncrief v. Hall*, 222 Ark. 570, 262 S.W. 2d 92. It also has a duty to determine whether it has jurisdiction of a case, *Arkansas Savings & Loan Board v. Corning Savings & Loan Ass'n.*, 252 Ark. 264, 478 S.W. 2d 431. These are our first and primary duties. Even though they sometimes weigh heavily, we can neither shirk nor avoid them.

I am authorized to state that the Chief Justice and Madam Justice Roy join in this opinion.

CONLEY BYRD, Justice, dissenting. As I read the majority opinion, it must stand or fall upon the majority's assertion that "The Workmen's Compensation Commission is an administrative agency which exercises some quasi-judicial functions and makes awards which are considered judgments." Since I do not understand how this statement can stand under what I consider to be the clear language of Amendment No. 26, I am setting forth the pertinent language of the Amendment with my emphasis as follows:

> "The General Assembly shall have power . . . to provide the means, methods, and *FORUM FOR ADJUDICATING CLAIMS* arising under said laws, and for securing payment of same. . . ."

Now if we ignore for the moment the positional phrase "FOR ADJUDICATING CLAIMS ARISING UNDER SAID LAWS" and concentrate on the word "FORUM" we find it defined by all of the authorities as

follows:

>Ballentine's Law Dictionary 2d Ed.:

>"A Court; a tribunal; a jurisdiction; a place where justice is administered; the place of jurisdiction."

>Black's Law Dictionary, 3rd Ed.:

>"A court of justice; or judicial tribunal; a place of jurisdiction; a place where a remedy is sought; a place of litigation."

>Webster's New International Dictionary, 2d Ed. (Unabridged):

>"Tribunal; court; a judicial body or assembly."

Thus we see that whether we consult legal dictionaries or dictionaries used by just plain ordinary people, the noun "FORUM" is defined as "A court of justice."

When we look at the prepositional phrase "FOR ADJUDICATING CLAIMS" we note that it is used as an adjective to modify the noun "FORUM" to denote a quality — *i.e.* to denote that the "FORUM" is to adjudicate the claims arising under the Workmen's Compensation laws that the General Assembly is empowered to enact. To give emphasis to the pertinent language of Amendment No. 26 which we are here construing, I again quote from Amendment No. 26 as follows:

>"The General Assembly shall have power . . . to provide the . . . FORUM FOR ADJUDICATING CLAIMS arising under said laws, and for securing payment of same. . . ."

By substituting the definition of the word "FORUM" taken from the dictionaries, *supra*, we find that Amendment No. 26 would then read:

>"The General Assembly shall have power . . . to provide the . . . [COURT OF JUSTICE] FOR

ADJUDICATING CLAIMS arising under said laws . . . . "

Now, since I am unable to see the position of the majority, and if they are still of the view that my construction of Amendment No. 26 is overly simple and wrong, I trust that the majority will take the time to demonstrate to the citizens of this State, not as simple as I, why my construction of the Amendment is not acceptable. It must be remembered that a number of ordinary people like myself voted for the adoption of Amendment No. 26.

Under the Arkansas Constitution Art. 7 § 4, it is provided: "The Supreme Court, except in cases otherwise provided by this Constitution, *shall have appellate jurisdiction only* . . . under such restrictions as may from time to time be prescribed by law. . . ." The review which is provided for in Ark. Acts 1975, No. 1227, here involved, does not substantially differ from the appellate review that we have already been applying to Workmen's Compensation cases. Neither do I interpret the majority opinion as holding that the Act, *supra,* requires us to exercise anything other than appellate jurisdiction.

An example of the restrictive type of construction which the majority is giving to the term "FORUM FOR ADJUDICATING CLAIMS'" can be seen by its reasoning "The Commission cannot enforce its own orders." I have only to point out that the General Assembly was given plenary power to provide for the payment of said claims — *i.e.* "The General Assembly shall have power . . . to provide the means, methods . . . for securing payment of same." From that Constitutional authority the General Assembly could have provided that an order of the Workmen's Compensation Commission would have constituted a judgment lien against the property of the employer. Fortunately for the security of financial transactions, the General Assembly only provided that such an order would only become a lien when it was filed in the circuit clerk's office — otherwise every abstractor in the state would have been required to keep a complete list of the more than 65,000 claims disposed of by the Commission each year.[1]

---

[1] A similar problem arose with judgments in the Federal Courts and by

Why do I challenge the majority to explain that my sinple approach to the construction of Amendment No. 26 is wrong? The reason is that under the appellate procedure adopted for appeals from the Commission prior to Act 1227, an injured workman whose claim is denied by the Commission and the dependents of the workman must languish on welfare while his appeal makes its way through the courts to a final determination. Likewise, when the Commission awards the claimant compensation, the awards are held in abeyance while the employer takes his appeal through the courts. Now, obviously, it would be unjust to deny a right of appeal or to force an employer to make payments while his appeal is pending — consequently, some delay in the appellate process is inevitable. However, the public became aware that some of the Workmen's Compensation appeals were being unduly delayed in the circuit courts — in some cases for periods in excess of two years. To avoid this unnecessary delay, the General Assembly by Act 501 of 1967 provided that when an appeal from the Commission was held by the circuit court for a period in excess of 60 days "the order or award of the Commission shall be deemed to be affirmed by law and the [circuit] court shall enter its order to that effect." In *Sands* v. *Albert Pike Motor Hotel*, 245 Ark. 755, 434 S.W. 2d 288 (1968), we held Act 501 of 1967 unconstitutional as a legislative encroachment upon the powers of the judiciary. Notwithstanding some rather strong language in the *Sands* case stressing that due diligence should be given to the handling of Workmen's Compensation appeals, the General Assembly has again by Act 1227, *supra*, thought it necessary to expedite the final determination of appeals in Workmen's Compensation cases. I sincerely suggest that it is to those injured workmen and their dependents who must settle for welfare handouts and mortgage their homes to pay accruing medical bills while their appeals are stalled in the circuit courts, that the majority owe an explanation of why their representatives in the General Assembly cannot give them any relief from such onerous delays.

To take the concurring view, the second sentence of Amendment No. 26 must be treated as complete surplusage.

Federal and State Law those judgments only become a lien when filed in the office of the clerk of the Circuit Court. See 28 U.S.C. § 1962 and Ark. Stat. Ann. § 29-130 (Repl. 1962).

If the Workmen's Compensation Commission is only an administrative tribunal on the same level of the "State Medical Board," "Public Service Commission" or the "Employment Security Division," then those who drafted Amendment No. 26 should have quit after providing:

> "The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made."

However, the people did not stop at that point with the powers given the General Assembly, but went further and provided:

> "It [The General Assembly] shall have power to provide the means, methods, and FORUM for adjudicating claims arising under said laws, and for securing payment of same."

The Constitution does not even mention the "State Medical Board," the "Employment Security Division" or the "Public Service Commission," all of which are set up under the general powers delegated to the General Assembly. Even Art. 17 § 10, with respect to railroads, only provides:

> "The General Assembly . . . shall provide for the creation of such offices and commissions and VEST in them such authority as shall be necessary to carry into effect the powers hereby conferred."

It no where uses the language found in Amendment No. 26, *supra.*

In reading the concurring views, one would believe that all of the authorities are contrary to my views. However, the cases of *Baggett Transportation Co.* v. *Barnes,* 108 Ga. App. 68, 132 S.E. 2d 229 (1963) and *Mulhearn* v. *Federal Shipbuilding in Dry Dock Co.,* 2 N.J. 356, 66 A. 2d 726 (1949), do not involve a constitutional provision containing language anything like Amendment No. 26.

It looks to me that the majority in construing Amend-

ment No. 26 has approached it in much the same manner that Naaman, the leper, in seeking relief from his malady approached the prophet Elisha, II Kings, Ch. 5 — *i.e.* they were looking for something prestigious and complicated.

For the reasons stated, I respectfully dissent.